Argued December 3, affirmed December 31, 1962, petition for
rehearing denied January 29, 1963

# STATE OF OREGON *v.* HAYNES
377 P. 2d 166

*Thomas J. Curran,* Portland, argued the cause and filed a brief for appellant.

*David Robinson, Jr.,* Deputy District Attorney for Multnomah County, argued the cause for respondent. On the brief were Charles E. Raymond, District Attorney, and Glenn A. Geurts, Chief Criminal Deputy, of Multnomah County, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

PERRY, J.

The defendant was indicted, tried and convicted of burglary. From the judgment of conviction, he appeals.

The defendant's sole assignment of error is based upon the defendant's contention that prior to his arrest on the present charge, he was arrested in his home on a warrant issued out of the Municipal Court for a misdemeanor, charging a violation of the city's curfew ordinance, and at this time there was seized a pair of

defendant's shoes. There was found at the scene of the burglary a footprint, which was identified as having been made by one of defendant's shoes.

After the jury had been impaneled and sworn, and testimony taken, and at the time the shoe was being identified, but prior to its admission into evidence, the defendant made an oral motion to suppress this evidence on the grounds that the shoes were taken in violation of the defendant's constitutional rights, by an unlawful search and seizure. The trial court denied the motion on the grounds that the motion was not timely made.

■ The rule of law that a motion to suppress evidence must be made prior to trial, unless the defendant was unaware of the seizure, or had no opportunity to present his motion before trial, obtains in this jurisdiction. *State v. Harris,* 119 Or 422, 249 P 1046; *State v. Goldstein et al,* 111 Or 221, 224 P 1087.

■■ A motion to suppress evidence is a separate issue from the question of the guilt or innocence of the defendant. *Jones v. United States,* 362 US 257, 4 L ed2d 697. The motion is addressed to the court and is made out of the hearing of the jury.

Orderly procedure requires that such motion be made prior to trial. A jury should not be required to sit for days awaiting the outcome of a collateral issue.

■ The defendant contends he was surprised by the presentation of the shoe at the trial. The record discloses the shoe was seized by an officer on July 7, 1961, and a receipt given by the officer to the defendant; that the defendant was indicted for the crime July 17, 1961; that he appeared in court with counsel August 18, 1961; and that the trial of the case did not commence until November 24, 1961.

There is no evidence in the record that the defendant did not have an opportunity during the time from indictment to trial to prepare and present a motion to suppress, and, as previously pointed out, the defendant knew of the seizure from the beginning.

■ While there can be little question but that a trial court should, and does, have discretion to entertain a motion to suppress evidence on the trial of a defendant where it appears the defendant has been deprived of due process either through ignorance of the search and seizure or of opportunity to make a prior objection, a defendant should not be permitted to speculate on whether the use of the seized property will or will not be detrimental to his cause until he sees the trend of the evidence, and then make his objection.

The judgment is affirmed.