Argued December 4, 1962, affirmed January 23, 1963

# STATE OF OREGON *v.* GARDNER
## 377 P. 2d 919

*Edward N. Fadeley,* Eugene, argued the cause and filed a brief for appellant.

*William F. Frye,* District Attorney, Eugene, argued the cause and filed a brief for respondent.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

LUSK, J.

The defendant, who was indicted by the grand jury for Lane County on a charge of burglary not in a dwelling, has appealed from an order denying his motion for dismissal of the indictment based on alleged unreasonable delay in bringing him to trial.

The motion is authorized by ORS 134.120 and the appeal by ORS 138.040.

The indictment was returned on August 4, 1961. On the same day the defendant was indicted in Lane county for two other burglaries. At the time that these indictments were returned defendant was in jail in Linn county awaiting trial on still another burglary charge.

The Lane county cases bore file numbers, respectively, 62807 (the instant case), 62808 and 62809. The latter two cases will be hereinafter referred to as numbers 8 and 9.

The defendant was tried on the Linn county charge, convicted, and on September 27, 1961, was sentenced to a term in the penitentiary. On September 29 he was brought to Lane county, appeared for arraignment in the instant case, given until Wednesday, October 4 "to obtain counsel of his own choosing," and ordered to appear again on October 4 for arraignment. On that date, the defendant not having yet obtained counsel, but stating that he wished to contact an attorney named William Huey, the court instructed the district attorney to "contact Mr. Huey for the defendant" and continued the case until that should be done. On October 9 the defendant appeared in court with Mr. Huey as his attorney and entered a plea of not guilty.

On November 3 all three Lane county cases were set for trial as follows:

No. 9, the week of December 5;
The instant case, the week of December 12;
No. 8, the week of December 19.

Thereafter, on the petition of the defendant, the court appointed Mr. Martin Brandenfels, an attorney,

to represent the defendant in the trial of the instant case.

On December 6, 1961, the court on motion of the defendant in case number 9, which had been set for trial in the week of December 5, ordered that case to be continued and set it down for trial on December 12. The ground of the motion was a recent change of attorneys from Mr. Huey to Mr. Brandenfels. December 12 was the date on which the instant case was originally set for trial and, as the defendant could not be conveniently tried on two indictments charging separate burglaries at the same time, it became necessary to continue the instant case, as to which the clerk of the presiding judge made the notation "over" on her record. Case number 8 was tried on the nineteenth, twentieth and twenty-first of December.

In accordance with the practice of the circuit court for Lane county no law actions were tried between Christmas and New Year's. On December twenty-sixth the defendant, having been convicted in cases number 8 and 9, was taken to the penitentiary. As, by this time, he had three burglary convictions against him, we assume that he is still confined there.

On January 2, 1962, Mr. Brandenfels filed notice of withdrawal as attorney for the defendant. The next setting of the docket was on January 5, 1962, when cases were set for trial in February. The instant case was not set evidently because of Mr. Brandenfels' notice of withdrawal. The defendant does not appear to have asked the court to appoint a successor to Mr. Brandenfels, as on February 15 the court, on its own motion, appointed his present attorney, Mr. Edward N. Fadeley. At the calling of the docket on February 2 the case was set for trial in the week commencing March 12, but was not tried because of the interposi-

tion of the defendant's motion to dismiss. After an extended and careful hearing the court denied the motion and the defendant immediately served notice of appeal upon the district attorney.

■■ The governing statute reads:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the indictment to be dismissed." ORS 134.120.

A "reasonable time" is "such length of time as may reasonably be allowed or required having regard to attending circumstances." *State v. Jackson,* 228 Or 371, 377, 365 P2d 294. The question whether an accused has been brought to trial within a reasonable time is to be determined as a matter of judicial discretion. *State v. Dodson,* 226 Or 458, 465, 360 P2d 782; *State v. Kuhnhausen,* 201 Or 478, 513, 266 P2d 698, 272 P2d 225.

We think that the court did not err in denying the motion.

3. The defendant makes no specific complaint of delay between indictment and arraignment. Since, at the time the indictment was returned the defendant was in jail in Linn county on a burglary charge and his trial on that charge was not concluded until September twenty-seventh, and since the defendant himself was responsible for the delay between September twenty-ninth, when he was brought into court for arraignment, and October 9, when he entered his plea, there was certainly no violation of the defendant's statutory or constitutional rights during that period.

■ Nor do we think there was subsequently. The circuit court for Lane county customarily in the first

week of each month sets up a docket of cases to be tried during the following month. Accordingly, the three burglary cases involving the defendant, having been put at issue by pleas of not guilty on October ninth, were on November third set for various dates in December. No doubt, all three would have been tried at the times fixed were it not for the continuance at the request of the defendant of case number 9 set for December sixth. This necessitated rearrangement of the trial docket. Case number 9 was reset for December 12 and the instant case originally set for that date was taken off the trial docket. Case number 9 was tried on December 12 and trial of number 8 was commenced on December 19, as previously set, and concluded on Thursday, December 21. Christmas week commenced the following Monday and it was hardly to be expected under the circumstances that the court should depart from its established custom of not trying law actions during that week to accommodate the defendant.

The reason, fairly inferable from the evidence, why the instant case was not set for trial in February when the docket was called on January 5, 1962, was that three days before Mr. Brandenfels had filed a notice of withdrawal as attorney for the defendant. This was a circumstance which the trial judge in an oral opinion denying the motion rightly took into consideration.

Thereafter, as we have seen, on February second, the next calling of the trial calendar, the case was set for trial in the week beginning March twelfth.

■ Counsel for defendant calls our attention to evidence that during the period that this case was pending the normal elapsed time between plea and trial in a criminal case in Lane county was six weeks to two

months. The circumstances of this case are, however, not normal and disclose the reasons for the delay. The defendant argues that the case should have been set for trial at the calling of the calendar on January 5, 1962, because the circuit court could have denied permission to Mr. Brandenfels to withdraw and the request to withdraw was not made at the instance of the defendant. It is true that the court might have denied the request, but the fact is that it was allowed and a third attorney appointed, although not on the petition of the defendant. The defendant being then in the penitentiary serving time for three burglary convictions, it may well be that it was a matter of indifference to him whether he was tried in February or at all and, therefore, whether he had an attorney. However that may be, the disposition of Mr. Brandenfels' tendered withdrawal and the question whether the defendant's case should be set for trial in view of that circumstance, were matters addressed to the judgment of the presiding judge of the circuit court for Lane county, not of this Court. There has been delay in this case, but no unreasonable delay, for the record shows that in each instance when the timetable of events was disarranged it was not the court nor the district attorney but the defendant or his attorney who was responsible. We have no way of knowing why two members of the bar left the defendant, but whether it was his fault or theirs is immaterial. The fact remains that the withdrawal of two of them led to the situation of which he now complains.

In consequence of the defendant's motion to dismiss, its denial, and this appeal, there will have been a further delay of approximately one year before the defendant can be brought to trial. The state, justifiably disturbed by this fact, asks us to place limita-

tions of some kind on the recent case of *State v. Jackson,* supra, where we held that pending an appeal to this Court from a denial of a motion to dismiss an indictment under ORS 134.120 the circuit court was without jurisdiction to proceed with the trial of the case. Our attention is called to the possibility that after this case is remanded to the circuit court another motion to dismiss could be filed and another appeal taken and after that a third and so on, ad infinitum. We were aware when we decided the *Jackson* case of the possibility of abuse of the right of appeal by an accused who actually is seeking delay, rather than a speedy trial, and commented on it in the opinion, 228 Or at 387. But this Court must take a procedural statute as it finds it, with all its imperfections on its head. If a change in the statute is desirable it must be made by the legislative assembly and it may be that that body will consider it well to give the question attention. It should be borne in mind, however, that the argument is not all one way. If, for example, the legislature should see fit to provide that the circuit court could properly proceed with the trial notwithstanding an appeal from denial of a motion to dismiss had been taken, or if it should provide that the question whether the denial was erroneous could only be raised on appeal from a judgment of conviction, we would then be faced with the possibility of an abortive trial held after a motion to dismiss had been wrongly denied. The concurring opinion of Chief Justice Beatty in *Strong v. Grant,* 99 Cal 100, 102, 33 P 733, to which reference was made in the *Jackson* case, is a strong statement of the view that an accused should not be tried until the propriety of the ruling on the motion has been finally determined. In any event, as we have indicated, these

policy considerations are matters to be resolved by the legislative assembly.

■ Among other questions raised in the state's brief is, what would be the result if the motion to dismiss were filed after the jury was empaneled and the state was in the process of putting on its case. Although no such question is now involved, we think it not out of place to say that in those circumstances the defendant would have waived his right to dismissal for unreasonable delay in bringing him to trial. *Bevel v. Gladden,* 232 Or 578, 376 P2d 117; 14 Am Jur 862, Criminal Law § 137.

■ We are also asked by the state to construe ORS 134.510–134.530,① a statute enacted in 1955 making special provision for the speedy trial of inmates of the penitentiary and the correctional institution. It

---

① ORS 134.510:

(1) Any inmate of the Oregon State Penitentiary or the Oregon State Correctional Institution against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging him with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring him to trial on the charge forthwith.

(2) The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint.

ORS 134.520:

(1) The district attorney, after receiving a notice requesting trial under ORS 134.510, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

(2) A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district

is urged that this statute requires a demand for a trial as a prerequisite to relief and prescribes the sole remedy for an inmate of either of the institutions named.

We do not have the benefit of argument by counsel for the defendant on this question. Neither is there available any legislative history which might throw light on the purpose intended to be accomplished by the enactment of the statute. Our consideration of it, however, leads us to the conclusion that it was intended as an additional measure of protection for inmates of the penitentiary or the correctional institution and not to deprive them of any rights under the previously existing legislation. The discussion of the statute in the recent case of *Bevel v. Gladden,* supra, seems to be in accord with this construction.

The judgment is affirmed.

---

attorney for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection.

ORS 134.530:

On motion of the defendant or his counsel, or on his own motion, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 134.520.