Argued May 1, affirmed October 13, 1967

## STATE OF OREGON, *Respondent, v.*
## PETER RAMON, Jr., *Appellant.*

432 P. 2d 507

*Austin Dunn,* Baker, argued the cause and filed a brief for appellant.

*Jesse R. Himmelsbach, Jr.,* District Attorney, Baker, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE, REDDING* and FORT,* Justices.

PERRY, C. J.

The defendant Peter Ramon, Jr., was convicted of the unlawful possession of marijuana and appeals.

On the 17th day of August, 1965, the defendant and one Caldwell were arrested in Baker, Oregon, for intoxication in a public place. Just prior to this arrest, defendant had been in conversation with a plain-clothes officer of the Baker police, who represented himself to be a painter, and it had been arranged by the defendant for the officer to purchase a "can" of marijuana. The actual sale was made by Caldwell.

The defendant's automobile, which had been pointed out by him to the plain-clothes officer, was parked on the street at the time that the defendant was arrested, and was at all times under surveillance by various members of the Baker police force. While the automobile was under surveillance on the street, the officers noticed through a window what they believed to

---

* Redding, J., and Fort, J., did not participate in the decision of this case.

be flakes of marijuana on the rugs of the automobile. The automobile was then moved to a Baker garage where it was thoroughly searched and the cans of marijuana were found. The search occurred August 19, 1965, two days after the arrest and no search warrant was obtained to enter the vehicle.

The State offered into evidence the marijuana discovered by the search, and the defendant objected on the ground that the search constituted a violation of the Fourth Amendment of the Constitution of the United States. The trial court held a hearing out of the presence of the jury and determined there was no violation of the Fourth Amendment, and the articles seized were admitted into evidence.

The record discloses that a preliminary hearing was held some months before trial of this case. At this hearing the State offered the following evidence through policeman Baird:

"Q Do you recall testifying in the Justice's Court of the State of Oregon, for Baker County, District No. 1, before the Honorable Keith R. Kirkwood, at the preliminary hearing of this matter?
"A Yes.

"Q And this was prior to the time at which the indictment was returned in this case, wasn't it?
"A Yes.

"Q Do you remember the exact date?
"A No, I don't.

"Q Now, did you testify on that occasion about your purchase of this can of marijuana from Mr. Caldwell?
"A Yes, I did.

"Q Did you also testify on that occasion about the defendant's car and about the search of defendant's car in which you participated?
"A Yes, I did.

"Q  Did you testify specifically that six cans of marijuana were found in the defendant's car on August 19, 1965?
"A  Yes, I did."

The State then contended that defendant had waived his right to challenge the evidence offered by his failure to move for a suppression of the evidence prior to trial of the criminal case.

■ It is a well-established rule of law in this state that a motion to suppress must be made prior to trial "* * * unless the defendant was unaware of the seizure, or had no opportunity to present his motion before trial * * *." *State v. Haynes,* 233 Or 292, 294, 377 P2d 166.

Therefore, it is clear that the motion should not be entertained. Nevertheless, in order to deal with an important social policy, and to zealously safeguard the rights of the defendant, the trial court held a complete hearing out of the presence of the jury upon all aspects of the search. This hearing disclosed that, after the arrest of the defendant for intoxication and the purchase of the "can" from the co-defendant Caldwell by the plain-clothes officer, the officer, although satisfied in his own mind that he had purchased marijuana, caused his purchase to be sent to the state police laboratory. The laboratory confirmed the officer's opinion.

■■ The discovery of the marijuana flakes without entering the vehicle provided probable cause to search for contraband (ORS 475.120), and "[i]t is no answer to say that the police could have obtained a search warrant, for '[t]he relevant test is not whether it is reasonable to procure a search warrant, but whether

the search was reasonable.' United States v. Rabinowitz, 339 US 56, 66, 94 L Ed 653, 666, 70 S Ct 430." *Cooper v. California,* 386 US 58, 87 S Ct 788, 17 L ed 2d 730, 734.

The defendant also contends the trial court erred in denying his motion for a directed verdict. There is no merit in this contention.

The judgment of the trial court is affirmed.