Argued May 8, reversed and remanded June 11, 1969

STATE OF OREGON, *Respondent, v.*
VERNON HARRISON, *Appellant.*

455 P2d 613

*Charles R. Harvey,* Portland, argued the cause and filed a brief for appellant.

*Billy L. Williamson,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before MCALLISTER, Presiding Justice, and GOODWIN and HOLMAN, Justices.

GOODWIN, J.

Defendant appeals a conviction of armed robbery. Because of an error in the admission of evidence, the case must be retried.

The witnesses identified the defendant as the robber, and described his pistol as a small, nickel-plated

revolver. One witness who was familiar with guns said it was probably a .38 calibre "Iver Johnson five-shot revolver, possibly a Harrington Richardson," which appeared to be loaded at the time.

When arrested six days later, the defendant had in his possession a .22 calibre Frontier revolver, blue in color, with ivory handles. The state offered the .22 calibre pistol in evidence, and a timely objection on the ground of relevancy was overruled. That ruling was error. *State v. Thompson,* 228 Or 496, 364 P2d 783 (1961).

The state does not contend that the pistol was connected with the crime charged, and confesses that its receipt in evidence over a timely objection was probable error, but denies that the error was prejudicial.

■■ We are unable to agree that the error was not prejudicial. The defendant took the stand. The jury learned that he was an ex-convict. Proof that when he was arrested he was armed with a different pistol from the one used in the crime did not tend to prove the crime with which he was charged, but it did tend to prove that the defendant was the kind of person who might commit such a crime. Evidence is not made inadmissible merely because it tends to blacken the defendant's character. *State v. Hoover,* 248 Or 178, 181-182, 433 P2d 244 (1967); *State v. Tracy,* 246 Or 349, 425 P2d 171 (1967); *State v. Hancock,* 245 Or 240, 421 P2d 687 (1966). But where the relevancy of the evidence is slight and the probability of undue prejudice is substantial, the evidence should be excluded. See Lacy, *Admissibility of Evidence of Crimes Not Charged in The Indictment,* 31 Or L Rev 267 (1952), and Rules 45 and 47 of the Uniform Rules of Evidence (1953). The probative value of the challenged evidence must outweigh its prejudicial effect.

*State v. Flett,* 234 Or 124, 380 P2d 634, 94 ALR 1082 (1963) ; *State v. Thompson,* supra; *State v. Rollo,* 221 Or 428, 351 P2d 422 (1960). In the case at bar the probative value of the evidence was negligible and the danger of prejudice was great.

Because there must be another trial, we will notice briefly three other assignments of error, all without merit.

■■ The defendant has argued that he was entitled to have the indictment dismissed because of unreasonable delay in bringing him to trial. The record shows that approximately one year elapsed between his arrest and his trial. Most of the delay, however, was of the defendant's own making. The defendant changed lawyers twice and requested delays each time. On other occasions he claimed to be ill and asked for continuances. There is no showing that any substantial delay was caused by the prosecution. Under ORS 134.120, the state must bring an accused to trial within a reasonable period of time. Reasonableness is a question of fact which must be answered in the light of the circumstances of each particular case. *State v. Gardner,* 233 Or 252, 377 P2d 919 (1963); *State v. Kuhnhausen,* 201 Or 478, 513, 266 P2d 698, 272 P2d 225 (1954). And see Linde, *Criminal Law— 1959 Oregon Survey,* 39 Or L Rev 161, 171 (1960).

■ The defendant has also urged that he was entitled to a change of judge. The record reveals that he made no motion for a change of judge until after he had received an adverse ruling upon a demurrer. Under ORS 14.270, no motion for a change of judge may be filed after the judge to whom a case has been assigned has ruled upon any substantive motion or demurrer. The motion in the case at bar was clearly barred by the statute.

■ Finally, the defendant has argued that the indictment charged more than one crime. The indictment was drawn in the language of the statute, and charged the crime of assault and robbery while armed with a dangerous weapon. All other crimes contained within the charge were lesser included crimes. There was no defect in the indictment.

Reversed and remanded.