Argued September 15, affirmed November 7, 1969

# STATE OF OREGON, *Respondent, v.*
# DAVID JOHN SKRELUNAS,
## *Appellant.*

460 P. 2d 869

*Edward Brekke,* Milwaukie, argued the cause and filed the briefs for appellant.

*Melvin M. Menegat,* Deputy District Attorney, Oregon City, argued the cause for respondent. On the brief were Thomas H. Denney, Deputy District Attorney, and Roger Rook, District Attorney, Oregon City.

BRANCHFIELD, J.

Defendant was convicted on a charge of receiving

and concealing stolen property. He appeals, claiming error in the denial of his motion to suppress evidence obtained pursuant to a search warrant. He further claims that the articles obtained in the search were improperly admitted in evidence.

A Mr. and Mrs. Robert D. Poschwatta were the owners of a turquoise 1963 Chevrolet II Nova automobile. Their car was stolen on or about November 30, 1967, and was found a few days later, having been stripped of tires, battery, seat belts and items of personal property which had been located in the automobile. On April 23, 1968, Mr. Poschwatta saw a red, 1962 Chevrolet Nova with four tires which he believed to be his. Through the car windows, Mr. Poschwatta also observed a flashlight and seat belts inside the vehicle which appeared to him to be identical to items taken from his own automobile.

Mr. Poschwatta contacted a state police officer to whom he reported his observations. The officer returned with Mr. Poschwatta to the location of the red automobile, which was ascertained to belong to the defendant. The officer examined the automobile and verified that the tires on the defendant's car were the same size and make and had the same serial numbers as tires previously reported stolen from the Poschwatta vehicle.

The defendant was arrested and the car was taken into custody by police. A few hours later a search warrant was obtained, the car was searched, and articles identified by Poschwatta as his were removed from defendant's car.

The defendant in due course filed a motion to suppress the evidence obtained upon execution of the search warrant. He claimed that the search warrant

and the affidavit of probable cause were both defective and insufficient in that they did not describe the property to be seized with reasonable particularity. The trial court denied the motion to suppress.

■ The search warrant and the affidavit upon which it was based were not made a part of the record which was sent to this court. We would be justified in disposing of the case upon the incompleteness of the record. It is the duty of counsel to make certain that all relevant portions of the record are sent to this court. In this instance we have chosen to proceed by examining copies of the affidavit and the search warrant which were printed in *haec verba* in the appellant's brief as part of his argument. We assume that they are complete and correct.

The affidavit of probable cause is set out as follows:

"I, Richard Miller, being first duly sworn on oath, depose and say: That I am regularly employed as a State Police Officer, for the State of Oregon.

"That I am investigating a charge of GRAND LARCENY which was committed on or about November 30, 1967.

"That I have been told by the victim, Robert D. Poschwatta, that his automobile, a Turquoise 1963 Chevrolet II Nova 300 License Number 5V4005, was stolen on or about November 30, 1967 and that on April 23, 1968 he observed four tires, of identical description and serial number of those which had previously been mounted on his vehicle at the time of the theft, mounted on a Red 1962 Chevrolet II Nova License Number BBK750 and that he also observed at the same time within said vehicle a red and white 4 cell floating flashlight and two turquoise seat belts, recoil spring type, identical to those which had also been in his vehicle at the

time of its theft. Said victim, Robert D. Poschwatta, has also told me that other items, to-wit: hunting jacket, 2 shot-gun vests, 2 boxes 20 ga. 3″ shot gun shells, 1 box 12 ga. shot gun shells, 1 pair insulator boots, 1 set tire chains, hunting knife, 4 batteries, 300′ new nylon (6000 lbs.) rope, first aid kit, car blanket-case, mittens, deer hide gloves, white gloves, hunting boots, black scarf, battery, 1 dozen emergency flares in metal box, jack hammer, end wrenches, pliers, screwdriver, lug wrench, jack knife (6″ blade), 1 set (12) tent stakes, 2 black seat belts, wool blanket, 2 books Douglas Stamps, 1 small metal fishing box, 2 clam shovels, 1 speaker, 10″ crescent wrench, 1 pair oil base boots, channel lock pliers and other items, were also located in his vehicle at the time of said theft.

"Said 1962 red Chevrolet II Nova License Number BBK750 is presently located at Bud's Towing, Oregon City, Clackamas County, Oregon.

"That said information has given me reasonable cause to believe that there is certain property, to-wit: (interlined in ink '4 tires') red and white 4 cell floating flashlight, two turquoise seat belts, recoil spring type, hunting jacket, 2 shotgun vests, 2 boxes 20 ga. 3″ shot gun shells, 1 box 12 ga. shot gun shells, 1 pair insulator boots, 1 set tire chains, hunting knife, 4 batteries, 300′ new nylon (6000 lbs.) rope, first aid kit, car blanket-case, mittens, deer hide gloves, white gloves, hunting boots, black scarf, battery, 1 dozen emergency flares in metal box, jack, hammer, end wrenches, pliers, screwdriver, lug wrench, jack knife (6″ blade), 1 set (12) tent stakes, 2 black seat belts, wool blanket, 2 books Douglas Stamps, 1 small metal fishing box, 2 clam shovels, 1 speaker, 10″ crescent wrench, 1 pair oil base boots, channel lock pliers, which would constitute evidence of the crime of GRAND LARCENY, located in said red 1962 Chevrolet II Nova License Number BBK750.

"That I make this Affidavit for the purpose of obtaining a search warrant for the said red 1962

Chevrolet II Nova License Number BBK750 to search for the above-described property.

"/s/ RICHARD J. MILLER

"Subscribed and sworn to before me this 23rd day of April, 1968.

"/s/ ROBERT MULVEY
JUDGE"

■ The search warrant contained the same description of the property sought and the place to be searched as the affidavit. The warrant told the officer executing it what property he was to seize, and told him with reasonable particularity where he was to conduct the search. A description is sufficient if it permits the officer executing the warrant to locate with reasonable effort the premises to be searched. *State v. Cortman*, 251 Or 566, 446 P2d 681, 683 (1968).

A search warrant for "gems, mountings for gems, costume jewelry, women's wearing apparel, and burglary tools" was held sufficient in *People v. Crovedi*, 253 Cal App 2d 739, 61 Cal Rptr 349, 353 (1967). Search warrants for "rifles, shot gun, pistol, revolver, implement or dangerous weapon used in the commission of a felony" and "United States currency, cloth bank bags of the property of Boston Consolidated Gas" were held sufficient in *Commonwealth v. Owens*, 350 Mass 633, 216 NE2d 411, 412-13 (1966).

■■ The search warrant in this case itemized the property to be picked up, and described the car from which the property was to be taken. Police officials could not, under that warrant, have taken similar items from any other location. The property and the place where it was to be seized were described in the search warrant with sufficient particularity.

■ As his second assignment, the defendant claims the court erred in admitting in evidence all of the material and articles taken from defendant's automobile, particularly four wheels which are not set out or described in the affidavit of probable cause or in the search warrant itself. In the course of the trial, the only objections which the defendant made to the introduction of the property in evidence were insufficiency of identification and the fact that the defendant's automobile was not in the personal possession of the state police officer from the time he first inspected it until he searched the vehicle at the towing company several hours later. He does not base his appeal on the objection actually made. The objections to the introduction of evidence had no relationship to the assignment of error.

■■ In this court, for the first time, defendant mentions other objections to the search warrant and the affidavit of probable cause, but which were not mentioned in his motion to suppress evidence. A motion to suppress evidence should be made before trial, unless the defendant was unaware of the procedure or had no opportunity to present his motion before trial. See *State v. Ramon,* 248 Or 96, 99, 432 P2d 507 (1967), *State v. Haynes,* 233 Or 292, 294, 377 P2d 166 (1962). The defendant made his motion to suppress before trial in this case. It follows that he should not, subsequent to the trial, assign new reasons for suppressing the evidence. We have, nevertheless, examined the record in this case in the light of additional objections raised here for the first time and we find them to be without merit.

The judgment is affirmed.