Argued March 18, affirmed May 14, petition for rehearing denied July 7, 1970. Pet for Rev

## STATE OF OREGON, *Respondent, v.* RONALD ALEXANDER PETERSON, *Appellant.*

469 P2d 40

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*G. Dwyer Wilson*, Deputy District Attorney, Hillsboro, argued the cause for respondent. With him on the brief was Ray D. Robinett, District Attorney, Hillsboro.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

The defendant appeals from conviction of illegal possession of marihuana, ORS 474.020, and assigns as error the denial of his motion to suppress evidence. The motion was made after testimony concerning the evidence seized had commenced in the jury trial.

Officers testified that the defendant and a companion were detected on school property at 11:53 p.m. on July 6, 1968. When one officer went closer to investigate, they ran. He caught one after a chase and immediately detected a strong odor similar to the smell of marihuana on the suspect's breath. The other suspect returned and the officers and suspects together went back to the place where the suspects had been seen crouching, and found a pack of cigarettes lying on the ground. It included four handrolled marihuana cigarettes. The suspects denied it was theirs. The package was dry, although the surrounding grass was wet, and no one else was in the area. The officers testified they informed the suspects of their rights and they were free to go, but asked them to go to the police station with them; that they searched the defendant with his consent and in his shirt pocket found and confiscated a package of papers for rolling cigarettes. The suspects went to the police station with the officers and there further warnings of rights were given to the suspects, the officers said the suspects were told

they were free to go, which they shortly did, and a further search of the defendant's clothing was made with his consent.

The latter search at the police station, as distinguished from the first which produced the cigarette papers at the scene of apprehension, produced some vegetable matter from a jacket pocket which was analyzed as part tobacco and part marihuana.

The arguments in support of the assignment of error proceed upon the premise that the search was illegal because there was no lawful arrest and there was no warrant for the search. The defendant further contends that inasmuch as he indicated a desire not to answer questions after he had been warned of his rights, that the officers had no right to make the search.

■■ The searches were valid under our recent holding in *State v. Murphy*, 90 Adv Sh 679, 685-86, 2 Or App 251, 258, 465 P2d 900 Sup Ct *review denied* (1970), because the search was made with probable cause at a time when the suspects would have had an opportunity to dispose of evidence if the search had not been made.⊙

Affirmed.

---

⊙The prosecutor objected to the motion to suppress because it was not made prior to trial. The trial court could have sustained this objection. In State v. Marcus, 2 Or App 269, 467 P2d 121 Sup Ct *review denied* (1970), we said:

"No motion to suppress evidence having been made in the trial court prior to trial, the court properly overruled the defendant's objection to the admission of the evidence obtained in the search when it was offered by the state in its case-in-chief. *A motion to suppress evidence must be made prior to trial unless defendant was unaware of the seizure or had no opportunity to present his motion before trial.* State v. Ramon, 248 Or 96, 99, 432 P2d 507 (1967); State v. Sanford, 245 Or 397, 421 P2d 988 (1966); State v. Haynes, 233 Or 292, 294, 377 P2d 166 (1962); State v. Skrelunas, 89 Adv Sh 595, 600, 1 Or App 182, 460 P2d 869 (1969)." (Emphasis supplied.) 2 Or App at 271-72.