Argued July 23, affirmed September 17, 1970

STATE OF OREGON, *Respondent, v.* WALTER
DeLYLE SIECKMANN, *Appellant.*

474 P2d 367

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

FOLEY, J.

Defendant waived jury trial, was convicted by the court of rape upon a daughter and was sentenced to five years' imprisonment. He appeals.

On July 24, 1967, defendant was indicted for rape upon a daughter. One of the witnesses endorsed on the indictment was Roseanna Estelle Sieckmann, apparently the wife of defendant. Defendant moved to dismiss the indictment upon the ground it was "obtained by adducing privileged testimony to the Grand Jury," and on September 18, 1967, the trial court dismissed the indictment on this basis. The state appealed, and on September 25, 1968, the Supreme Court, over the dissent of one justice, dismissed the appeal upon its determination that the order dismissing the indictment, although erroneous, was not appealable. *State v. Sieckmann*, 251 Or 259, 261, 445 P2d 599 (1968).

On November 21, 1968, defendant was reindicted for the crime of rape upon a daughter. He moved to dismiss, claiming that he was denied the right to a speedy trial, and that reindictment was precluded because the Supreme Court's order dismissing the appeal did not order resubmission to the grand jury. Thereafter his motions were denied, and on January 14, 1969, he entered his not guilty plea. The trial was held on May 13-14, 1969.

■■ Defendant's first assignment of error is that the court erred in failing to dismiss the new indictment on the ground that the Supreme Court mandate did not direct resubmission. This assignment is without merit. The 1967 indictment was dismissed pursuant to the mandate and defendant was allowed a judgment for costs. After the determination of that case, a new and

separate case was initiated by the district attorney, an indictment was returned, and defendant was prosecuted and convicted. We have found no authority, and none has been cited us, requiring the district attorney to obtain leave of the appellate court to submit a case to the grand jury under the circumstances obtaining here. The district attorney is the public prosecutor, ORS 8.650, and is authorized to submit an indictment to the grand jury when he has good reason to believe a crime has been committed which is triable in the county, ORS 132.330 (2). Since no claim of *res judicata* or collateral estoppel was made in the court below, any possible basis for such claim has been waived. *Nickum v. Burckhardt*, 30 Or 464, 47 P 788, 60 AS 822 (1897); Anno., Res Judicata—Criminal Cases, 9 ALR3d 203, 227 (1966).

Defendant was originally indicted on July 24, 1967, and was not brought to trial until May 13, 1969. His second assignment of error is that he was denied the right to a speedy trial because of the delay created by the state's unfounded appeal.[1]

---

[1] Counsel for the state conceded in this case that the time to be considered in determining the issue of speedy trial commenced with the first indictment:

"THE COURT: Well, it is a question, isn't it * * * of right to a speedy trial on what?

"[DEFENSE COUNSEL]: On his indictment.

"THE COURT: The indictment was only returned in November of this year—I mean of last year.

"[PROSECUTOR]: To correct the court so it won't make error, if you are talking about the right to speedy trial, the cases talk about the time of the original complaint, not necessarily the indictment but if it happens to be in the Municipal Court or District Court, the time the charge is formally brought against the defendant. Now that would be the first indictment in this case. There is no doubt about that.

"THE COURT: All right, that would be July of '67?

 The Sixth Amendment to the United States Constitution guarantees to an accused the right to a speedy trial and this right is rendered applicable to the states through the Fourteenth Amendment. *State v. Evans*, 249 Or 314, 432 P2d 175 (1967), cert den 390 US 971, 88 S Ct 1093, 19 L Ed 2d 1182 (1968); *Klopfer v. North Carolina*, 386 US 213, 87 S Ct 988, 18 L Ed 2d 1 (1966). Delay in bringing a defendant to trial must not be purposeful or oppressive. *Pollard v. United States*, 352 US 354, 77 S Ct 481, 1 L Ed 2d 393 (1957).

In *State v. Evans*, supra, the court said:

"The test consistently applied by this court in determining whether the right to a speedy trial has been violated is stated in the following language in *State v. Kuhnhausen*, 201 Or 478, 513, 266 P2d 698, 272 P2d 225 (1954):

" '* * * Wholly apart from the statute, the constitutional right of an accused person to a speedy trial contemplates a trial conducted according to fixed rules, regulations, and proceedings at law, free from vexatious, capricious, and oppressive delays. The right is consistent with delays, and, in the final analysis, whether such a speedy trial has been afforded must be determined in the light of the circumstances of each particular case as a

---

"[PROSECUTOR]: That's correct. * * *"

In light of the prosecutor's concession, we do not reach the issue of whether defendant's right to speedy trial did, in fact, commence with the first indictment.

Although neither briefed nor argued, there is authority. from which argument could be made that, where a state requires that there be a valid, existing indictment to initiate and maintain a criminal prosecution, no right to speedy trial inures until such indictment is found, and the right terminates with the dismissal of that indictment. ORS 131.130; State v. Silver, 239 Or 459, 398 P2d 178 (1965); State v. Nichols, 236 Or. 521, 527, 388 P2d 739 (1964); ORS 135.560.

matter of judicial discretion. * * *'" 249 Or at 318-19.

The Sixth Amendment requires only that there be "orderly expedition" of judicial business, *United States v. Ewell,* infra. It bars such delay as may be oppressive, arbitrary or vexatious, and seeks to avoid prejudice to the defendant arising from the disappearance of witnesses and the fading of memory. It also seeks to avoid the necessity of having the defendant languish in jail awaiting trial. No claim is made here that defendant was prejudiced in any of these ways, and the record indicates that defendant was released on his own recognizance on August 22, 1967.

In *United States v. Ewell,* 383 US 116, 86 S Ct 773, 15 L Ed 2d 627 (1966), extensively cited in *Evans,* a proceeding brought within the period of the statute of limitations was mentioned as being "usually considered the primary guarantee against bringing overly stale criminal charges." 383 US at 122. *Ewell* further states:

"* * * [T]his Court has consistently been of the view that 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' * * *" 383 US at 120.

▮▮ In the present case the delay objected to was occasioned by the length of time required for the appeal.[2] Since defendant's motion to dismiss the original

---

[2] In Koenig v. Willingham, 324 F2d 62, 64 (6th Cir 1963), cert den 376 US 958, 84 S Ct 980, 11 L Ed 2d 976 (1964), on essentially similar facts, the prosecution appealed an order suppressing evidence. The order was ultimately held to be unappealable. The Sixth Circuit said:

"* * * It is clear, therefore, that the Trial Court's state-

indictment was without merit, *State v. Sieckmann,* 251 Or at 261, and the resulting erroneous order of dismissal was the cause of the state's appeal, the defendant must share responsibility for the delay. Delay caused by the defense is not undue delay which violates the right to speedy trial. *State v. Robinson,* 3 Or App 200, 211-13, 473 P2d 152 (1970). Since it appears in this case that the delay was neither vexatious, capricious, oppressive nor prejudicial to defendant, we find no merit in this assignment of error.

■ The complaining witness testified that she reported her father's molestation to Mrs. Rinderknecht, a Multnomah County Juvenile Court counselor, on June 12, 1967, her second visit with Mrs. Rinderknecht. Mrs. Rinderknecht was permitted to testify, over defendant's hearsay objection, that complainant had, in fact, stated on that occasion that her father had attempted to molest her on the night before, and that he had molested her on prior occasions. Defendant for his third assignment of error claims that this testimony was inadmissible hearsay and that the trial court could not divorce itself from the prejudicial effect thereof.

This was a trial to the court. If the record were silent, we would presume that the trial judge disregarded any questionable evidence. However, the court expressly recognized the hearsay feature and

ment that the Government was justified in prosecuting the appeal, although the order was eventually held to be non-appealable, is eminently correct."

The court further held that the government was justified in delaying trial for approximately two years while it awaited an appellate decision as to the validity of the order suppressing evidence, and that the defendant's right to a speedy trial was not violated thereby.

stated that it was "not going to consider Mrs. Rinder-knecht's testimony on the question of the truth of whether or not this occurred." There was no error.

Affirmed.