Submitted September 17, affirmed October 19, 1971

STATE OF OREGON, *Respondent, v.*
JOHN WALTER GRIFFIN, *Appellant.*
489 P2d 985

■■■■■■■■■■■■■

Linklater and Hodges, Eugene, for appellant.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Walter L. Barrie, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

■■■■■■■■

FOLEY, J.

Defendant was convicted of possession of a dangerous drug, LSD, and sentenced to two and one-half years' imprisonment. He appeals on the ground he was denied a speedy trial.

On September 30, 1970, defendant who was in possession of an LSD pill offered it to a plain clothes undercover narcotics agent of the Lane County Sheriff's Department. The officer took the pill and retained it in his possession until November 19, 1970, when he turned it over to a chemist at the Lane County Sheriff's office for analysis. The chemical analysis of the pill was concluded on December 28, 1970, and the defendant was indicted on January 22, 1971. He was arraigned on February 19, 1971, and was convicted on May 13, 1971, at the conclusion of a one-day, non-jury trial.

Prior to trial defendant moved for dismissal of the indictment on the ground the state had delayed the prosecution to the defendant's substantial prejudice. Defendant made a similar motion at trial. Neither motion set forth any particular manner in which the defendant claimed to have been prejudiced. Both motions were denied.

The lapse of time between the commission of the offense (September 30, 1970) and the time the LSD pill was placed with the Lane County Crime Laboratory (November 19, 1970) was 49 days. The time lapse between the furnishing of the evidence to the crime laboratory and the return of the indictment (January 22, 1971) was 62 days. The time between indictment and trial (May 13, 1971) was 110 days. The total time between the date of the offense and the time of trial was seven and one-half months.

An accused is entitled to a speedy trial. U. S. Const, amend VI; Oregon Constitution, Art I, § 10. We held in *State v. Downing,* 4 Or App 269, 277, 478 P2d 420, 424 (1970), that a criminal prosecution commences at the time the state files a formal complaint and "the right to speedy trial inures at that time." To the same effect is *State v. Rowley,* 6 Or App 13, 485 P2d 1120, Sup Ct *review denied* (1971). Defendant contends that the guarantee of a speedy trial should inure at the time the state is aware that a crime is or may have been committed and that the accused committed it. He cites *United States v. Wahrer,* 319 F Supp 585 (D Alas 1970), in support of his contention. *United States v. Wahrer,* supra, does state that delay before lodging a complaint can sometimes amount to a denial of the Sixth Amendment right to a speedy trial. There the delay was 233 days; the offense was possession of firearm by a convicted felon. The government offered no explanation for the delay and the defendant in connection with his motion to dismiss claimed actual prejudice. He alleged that due to the long delay he was unable to adequately prepare his case because his memory had grown stale and he would have

experienced great difficulty in locating witnesses. The *Wahrer* court held that:

> "Under the special facts and circumstances peculiar only to this case, and considering that the government has failed to present any explanation for the delay of eight months [between commission of offense and indictment], the defendant's right to a speedy determination of the charges was prejudiced." 319 F Supp at 588.

 We are persuaded that under certain circumstances the Sixth Amendment speedy trial right may apply to the period after the prosecution decides to proceed and has sufficient evidence for arrest or indictment.[1] The case at bar is not such a case. As pointed out, the total elapsed time from offense to indictment was less than four months, and the total time from offense to trial was seven and one-half months. Defendant presented no claim of failing memory or inability to find witnesses or any other specific prejudice. The right to speedy trial is a guarantee only against arbitrary and oppressive delays. *State v. Sieckmann,* 3 Or App 454, 474 P2d 367 (1970). *See also, State v. Harrison,* 253 Or 489, 455 P2d 613 (1969). There was no arbitrary or oppressive delay in the present case, rather there was a reasonably expeditious administration of justice.

Affirmed.

---

[1] "Thus, it may be that for the purposes of the [Speedy Trial] [C]lause to be fully realized, it must apply to any delay in the criminal process that occurs after the government decides to prosecute and has sufficient evidence for arrest or indictment." Dickey v. Florida, 398 US 30, 46, 90 S Ct 1564, 26 L Ed 2d 26 (1970) (Brennan, J., concurring).