Argued November 29, 1971, affirmed January 6, petition for
rehearing denied February 2, petition for review
denied March 31, 1972

STATE OF OREGON, *Respondent, v.* PAUL
CONRAD TYRRELL, No. C-58581, *Appellant.*

492 P2d 485

*Gerald R. Pullen,* Portland, argued the cause and filed the brief for appellant.

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

Defendant appeals from a jury verdict of guilty of two counts of armed robbery. He makes three assignments of error; denial of a motion to sup-

press, denial of a motion to dismiss for lack of a speedy trial, and denial of motion for mistrial based on misconduct of the prosecutor. The motion to suppress evidence was filed and served on the district attorney about 10 minutes before trial was scheduled to start. Although the motion was not timely, and the trial judge could have refused to consider it, he allowed a hearing on the motion to precede the trial.

At this hearing it was established that at about 7:30 a.m. on March 15, 1970, defendant was a passenger in a vehicle that was stopped by police, and at that time defendant was arrested and searched.

About four hours earlier two armed men wearing pillow cases as masks had robbed a Portland motel. Just minutes before the robbery the motel night clerk had seen Alva Lambert, the motel maintenance man, and another man on the premises putting pillow cases over their heads. His suspicions aroused, the clerk made a list of some of the serial numbers on the currency then in the cash drawer.

From the motel's personnel records, the police got Lambert's address and a description of his vehicle. Police proceeded to Lambert's address and were told by a woman there, Ruby White, that she had not seen Lambert in several days. A few minutes later and a few blocks away two police cars stopped Lambert's vehicle.

Sergeant Johnson took the driver, Lambert, to his car and began questioning him. Officer Webber took the passenger, the present defendant, to his car and began questioning him. Defendant claimed he had spent the night drinking with Lambert and Ruby White. This contradicted what Ruby White had just told the officers.

As Lambert and defendant were being questioned, Officer Crampton arrived from the robbery scene with the list of serial numbers of some of the currency taken. Officer Crampton went first to Sergeant Johnson's car and checked the currency in Lambert's possession, some of which matched that taken in the robbery. He next went to Officer Webber's car and examined the currency in defendant's possession, some of which also matched that taken in the robbery.

Based on the information the police had gathered from the victims of the robbery and elsewhere, there was a well-warranted suspicion that defendant had something to do with the robbery. And under these circumstances, a warrantless search was permissible to avoid the loss of evidence. *State v. Keith,* 2 Or App 133, 141, 465 P2d 724, Sup Ct *review denied* (1970).

■ Defendant filed another motion 10 minutes before the trial was scheduled to start. It read:

> "* * * [D]efendant * * * moves the Court for an Order dismissing all evidence taken from the defendant as a result of unwarranted delays * * *."

Although not artfully drawn, it was treated as a motion to dismiss because of denial of defendant's constitutional and statutory right to a speedy trial. The trial court's denial of this motion is the basis of defendant's second assignment of error.

The facts relevant to this contention are: On May 22, 1970, a two-count indictment was returned against defendant. On June 19, the matter was resubmitted to the grand jury, which returned a three-count indictment, and on the state's motion the earlier indictment was dismissed on that date. During the

fall of 1970, the case was set for trial twice, but was set over both times. Trial was next scheduled for February 4, 1971, but again set over when defendant filed an affidavit of prejudice against the judge assigned to preside on that date. Trial commenced March 15, 1971.

Viewing these facts most favorably to the defendant, the total delay for which he is not responsible is about eight-and-a-half months, that is, from the date of the first indictment, May 22, to the scheduled trial date of February 4.

In *State v. Robinson*, 3 Or App 200, 473 P2d 152 (1970), we held that delay does not violate the right to a speedy trial unless the cause is improper *and* the defendant is prejudiced. 3 Or App at 214. Here most of the delay appears to have been caused by: (1) the state's decision to prosecute co-defendant Lambert first, with the present defendant's trial to follow immediately; and (2) the fact that Lambert apparently requested continuances causing the postponement of both trials. Although the record does not include any explanation for the state's decision to proceed in this manner, we cannot conclude from the limited record before us that the state's preference to try Lambert first caused improper delay. In addition, defendant has never claimed nor shown that he was prejudiced in any way by the delay.

■ Although we have considered it upon its merits, defendant's speedy trial motion was not timely. Regarding an analogous situation, it has long been held that a motion to suppress must be filed before trial. *State v. Ramon*, 248 Or 96, 432 P2d 507 (1967); *State v. Haynes*, 233 Or 292, 377 P2d 166 (1963). This rule is based on the belief that it is inappropriate to have a

"trial within a trial" to determine the admissibility of evidence. The reasoning behind the rule makes it clear that the requirement of a pretrial motion means a motion filed considerably sooner than 10 minutes before trial is scheduled to start.

■ The same rationale applies to a speedy trial motion. As is the situation with a motion to suppress, a speedy trial motion will likely require an evidentiary hearing. The facts developed at such a hearing might include, for example, such matters as the normal period of delay for similar offenses, whether the delay in question is attributable to the state or the defendant, if attributable to the state, can the state present a good faith explanation, and in what ways has the defendant been prejudiced by the delay. *See, generally, State v. Robinson,* supra.

■ Just as there should not be a "trial within a trial" to determine a suppression motion, there should not be a "trial immediately before a trial" to determine a speedy trial motion. Instead, sound judicial administration requires that a speedy trial motion be filed as soon as a defendant believes there are grounds for it. For example, in this case, there is no reason why defendant's speedy trial motion could not have been filed before February 4, 1971, the penultimate date upon which the trial was scheduled to begin.

■ Defendant's final assignment of error claims that a motion for mistrial should have been granted because of prosecutor misconduct in the form of repeated facial contortions, grimaces, and similar expressions. A motion for mistrial is addressed to the sound discretion of the trial judge. *State v. Smith,* 4 Or App 261, 478 P2d 417 (1970). Here the trial judge observed the prosecutor's facial expressions and weighed their possible effect on the jury.

However this behavior may have influenced the jury's opinion of the prosecutor, we agree with the trial judge that it is extremely unlikely it prejudiced the defendant. No abuse of discretion has been shown.

Affirmed.

FORT, J., dissenting.

The defendant was jointly charged with one Lambert for armed robbery in May 1970.

The parties in the briefs agree to the following chronology:

"March 15, 1970: Defendant arrested for armed robbery.

"May 22, 1970: The first indictment filed in two counts of armed robbery.

"June 19, 1970: State filed motion to dismiss this indictment on the grounds the case was resubmitted to the Grand Jury, and a third count of Receiving and Concealing was added.

"June 19, 1970: First indictment dismissed.

"June 19, 1970: Second indictment returned against defendant.

"Sept. 15, 1970: Defendant arraigned, and not guilty plea entered.

"Oct. 14, 1970: Case was first set for trial, and set over by the State because it desired to try codefendant Lambert first, but Lambert asked to set it over.

"Nov. 10, 1970: Case again assigned for trial, and again reset without defendant's consent.

"Feb. 4, 1971: Case again set for trial, and assigned to Judge Robert E. Jones. Defendant filed affidavit of prejudice, and consented to a set over for another judge.

"March 15, 1971: Trial commenced."

Based thereon, defendant, on March 15, 1971, filed a motion "to dismiss this case as a result of the un-

warranted delays causing this defendant to not have a speedy trial as guaranteed him by the Constitution."

The motion was denied.

In *State v. Downing,* 4 Or App 269, 478 P2d 420 (1970), this court said:

"The right of every criminally accused to have a speedy trial is beyond dispute. *State v. Sieckmann,* 3 Or App 454, 474 P2d 367 (1970); *Klopfer v. North Carolina,* 386 US 213, 87 S Ct 988, 18 L Ed 2d 1 (1967). Furthermore, it is a well established rule in Oregon that the state has a duty to afford the accused a speedy trial and the accused is not required to take affirmative action to enforce this right. *State v. Vawter,* 236 Or 85, 386 P2d 915 (1963); *Bevel v. Gladden,* 232 Or 578, 376 P2d 117 (1962). * * *"

In *State v. Harrison,* 253 Or 489, 455 P2d 613 (1969), the Supreme Court said:

"The defendant has argued that he was entitled to have the indictment dismissed because of unreasonable delay in bringing him to trial. The record shows that approximately one year elapsed between his arrest and his trial. Most of the delay, however, was of the defendant's own making. The defendant changed lawyers twice and requested delays each time. On other occasions he claimed to be ill and asked for continuances. There is no showing that any substantial delay was caused by the prosecution. Under ORS 134.120, the state must bring an accused to trial within a reasonable period of time. Reasonableness is a question of fact which must be answered in the light of the circumstances of each particular case. *State v. Gardner,* 233 Or 252, 377 P2d 919 (1963); *State v. Kuhnhausen,* 201 Or 478, 513, 266 P2d 698, 272 P2d 225 (1954). And see Linde, *Criminal Law—1959 Oregon Survey,* 39 Or L Rev 161, 171 (1960)." 253 Or at 492.

Here the state at the time of the motion advised the court:

> "I think the record is clear, the case has been set four times and we did elect every time to try Mr. Lambert first. Many of the times it was set over at the request of Mr. Lambert. The case was just set over. ＊　＊　＊"

It is not disputed that this defendant at no time did any act which caused or contributed to the repeated putting over of his trial. Nor does the state contend that he was advised, consulted, or given an opportunity to be heard concerning any of those postponements.

The state urges and the court holds, relying on *State v. Robinson,* 3 Or App 200, 473 P2d 152 (1970), that the burden is on the defendant here to show prejudice before he can prevail on this motion. Thus, though the court concedes that at least eight and one-half months[1] of the delay were in no way the fault of the defendant, it concludes that since prejudice was not shown, the motion was correctly denied.

Here the repeated postponements of the trial of the co-defendant, Lambert, at the latter's sole request, thus are made binding on a co-defendant, even though the state itself elected to try Lambert first.

I can find nothing in U.S. Const. amend. VI which veils the right of a defendant to a speedy trial behind the shadow of a co-defendant, unilaterally elected by the state to be tried first, who independently and for his own reasons seeks and obtains a series of postponements of his trial.

In *Robinson,* we said:

> "As noted, the most substantial part of any de-

---

[1] *See* State v. Kent, 5 Or App 297, 484 P2d 1109 (1971).

lay in the case at bar came about as a result of the defendant's motions, regardless of how meritorious they were." 3 Or App at 212.

No such situation exists here. I do not believe that under these circumstances the burden rests upon an in-custody defendant to prove that he has not been prejudiced thereby. The "reasonableness" of the delay called for by *Harrison* was not in my view established here.

I therefore respectfully dissent.