Argued October 24, affirmed November 3, petition for rehearing
denied November 30, 1972, petition for review
denied January 4, 1973

STATE OF OREGON, *Respondent, v.* JOHN OTIS
WHITE (No. 71-06-1972), *Appellant.*

502 P2d 395

*Carl E. Mautz,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was convicted of the crime of illegal sale of narcotics and sentenced to three years' imprisonment. He appeals on the ground that he was denied a speedy trial.

The sale which is the subject of defendant's conviction took place on June 4, 1971. A secret indictment was returned on June 30, 1971, and a warrant of arrest was issued on that date, but defendant was not arrested until December 20, 1971. Defendant was admitted to bail and a trial date was set for February 1, 1972, following defendant's plea of not guilty. On February 28, 1972, a bench warrant was issued for defendant's arrest after the court was advised by defense counsel that defendant had disappeared and was not expected to be available for trial. Defendant was arrested on the bench warrant on April 3, 1972, new counsel was appointed to represent defendant on April 6, 1972, pursuant to defendant's motion, and the trial was rescheduled for May 8, 1972.

On the date of trial defendant moved to dismiss the indictment

"* * * on the grounds that the Defendant was denied his right to a speedy trial in that the indictment was returned on June 30, 1971, but wasn't served until December, 1971, and Defendant's first trial date was set on February 1, 1972."

The motion to dismiss set out defendant's address and stated only that:

"The Defendant has been prejudiced by this delay and as a result, he cannot properly defend himself."

At the hearing on the motion, defendant presented no testimony or other evidence to indicate that he had

been prejudiced by the delay or that the motives for the delay were improper. The only matter in the transcript which pertains to the possibility of prejudice is defense counsel's unsupported assertion in argument that "* * * neither the defendant nor his wife can remember the acts which he is alleged to have committed. * * *" Even as to the assertion, defendant made no attempt to distinguish the delay from the time of indictment to the time of arrest from that occasioned by defendant's bail-jumping, and to show that the asserted prejudice, if any, resulted from the former and not from the latter.

■■ The right to a speedy trial is a guarantee only against arbitrary and oppressive delays. *State v. Griffin*, 7 Or App 19, 489 P2d 985 (1971); *State v. Sieckmann*, 3 Or App 454, 474 P2d 367 (1970). Delay does not violate the right unless the cause of delay is improper and the defendant is prejudiced. *State v. Seay*, 8 Or App 509, 495 P2d 39 (1972); *State v. Tyrrell*, 8 Or App 127, 492 P2d 485, Sup Ct *review denied* (1972); *State v. Robinson*, 3 Or App 200, 473 P2d 152 (1970). In the case at bar, as stated above, the record before us contains no evidence of any prejudice to the defendant, nor does it contain any indication that the delay was the result of any improper activity on the part of the state. It follows that defendant's motion to dismiss was properly denied.

Affirmed.