Argued August 22, resubmitted in banc October 10, reversed and remanded for new trial November 14, 1978, petition for review denied January 9, 1979

STATE OF OREGON, *Respondent,*

*v.*

TREVOR LEE COX, *Appellant.*

(No. C 77-08-11392, CA 9803)

586 P2d 390

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden Attorney General, and Walter L. Barrie, Solicitor General, Salem.

JOHNSON, J.

Tanzer and Roberts, Judges, did not participate in this decision.

**JOHNSON, J.**

Defendant was convicted after jury trial of robbery in the second degree. ORS 164.405.[1] He appeals assigning as error the admission of evidence concerning a sawed-off shotgun found in the getaway vehicle.[2]

Defendant and another held up the pharmacy clerk at a shopping center, one robber simulating a concealed handgun and his companion backing him up verbally. After the two men fled the clerk alerted the pharmacist, who observed the two men leaving the store at a jogging pace. The pharmacist pursued the suspects outside the building, caught up with them, and tackled one of them. The tackled suspect, the defendant, walked away into the parking lot, after the pharmacist and an off-duty policeman elected to pur- sue the other suspect who took off in a car. The pharmacist and the off-duty police officer pursued the car in the policeman's private automobile. Marked patrol cars joined in the chase. The fleeing car was then involved in an accident, and the driver of the car, identified as Dennis Hinkle, was arrested. A quantity of cash and a sawed-off shotgun were found inside the vehicle. Defendant was later apprehended and arrested.

At the defendant's trial, the state attempted to introduce photographs of the sawed-off shotgun found

---

[1] ORS 164.405 provides:

"(1) A person commits the crime of robbery in the second degree if he violates ORS 164.395 and he:

"(a) Represents by word or conduct that he is armed with what purports to be a dangerous or deadly weapon; or

"(b) Is aided by another person actually present.

"(2) Robbery in the second degree is a Class B felony."

[2] Defendant also assigns as error the overruling of his objections concerning the introduction of a photograph which had not been disclosed to defendant's counsel in accordance with the disclosure statute, ORS 135.815. We do not need to reach this assignment because the case is reversed on other grounds. However, it is apparent that the photographs should have been disclosed and the trial court should have made a determination as to the appropriate sanction, if any. *See State v. Addicks,* 28 Or App 663, 560 P2d 1095 (1977).

in the Hinkle vehicle. The trial court sustained the defendant's relevance objection. Over defendant's objection, however, the trial court did permit the state to elicit from its witness, a scientific investigator, that he had photographed and attempted to obtain fingerprints from items found in the car, including the shotgun, and that he was unable to obtain any fingerprints from the shotgun. Defendant argues that the evidence concerning the shotgun was irrelevant and inadmissible.

The state argues that the evidence of the shotgun was admissible to complete the picture of the crime because it was found in the getaway car immediately after the robbery, thus tending to show the part the automobile played in the robbery. We fail to see the connection. The state also suggests that the presence of the shotgun in the trunk supports an inference that the robbers armed themselves to aid in their getaway. Defendant is not charged with armed robbery. There is no evidence "linking the weapon to the crime" and thus it was error to admit it. *State v. Thompson,* 228 Or 496, 499, 364 P2d 783 (1961). *See State v. Harrison,* 253 Or 489, 455 P2d 613 (1969); *State v. Hall,* 36 Or App 133, 583 P2d 587 (1978).

Reversed and remanded for new trial.

**THORNTON, J.,** dissenting.

Contrary to the majority, I conclude for reasons which follow that the challenged evidence regarding the shotgun found in the getaway automobile was relevant and admissible, and its admission, although on other grounds, was not error.

The state's evidence established that defendant and his confederate were together and acting in concert at the shopping center in carrying out the robbery. They fled the scene together. Both were running in the direction of the automobile at the time defendant was tackled by the pharmacist. His companion, however, escaped to the auto and sped off.

From the above facts it may reasonably be inferred that the two men arrived at the scene together in the same automobile and intended to make their escape in the same manner. Once the getaway vehicle was linked to the robbery the vehicle and the shotgun found in it (which could easily have been employed by defendant or his confederate in facilitating the getaway) were admissible as an integral part of the total facts and circumstances of the robbery.

In *State v. Dixon,* 5 Or App 113, 481 P2d 629, *rev den* (1971), *cert den* 404 US 1024 (1972), we held that the chain of events leading up to defendant's arrest when he dismounted from a bus upon his arrival in Seattle was relevant to a robbery prosecution as were the circumstances that followed at the bus depot.

In *State v. Drew,* 8 Or App 471, 494 P2d 270, *rev den* (1972), we said that evidence is admissible when it tends to complete the picture of the crime for which defendant is being tried, even though it may indicate that defendant may have been involved in a separate offense.

*State v. Thompson,* 228 Or 496, 364 P2d 783 (1961), and *State v. Harrison,* 253 Or 489, 455 P2d 613 (1969), relied upon by defendant, and *State v. Hall,* 36 Or App 133, 583 P2d 587 (1978), relied on by the majority, are all readily distinguishable on their facts. In none of the above was the gun that was introduced into evidence a part of the circumstances surrounding the commission of the crime charged.

In *Thompson* the gun was found in defendant's home after the robbery and there was nothing tying the weapon to the crime.

In *Harrison* the gun was found in defendant's possession when he was arrested six days after the robbery.

In *Hall* also the rifle was not the weapon used in the crime charged. Defendant, after shooting the officer

with a handgun, had gone home and picked up the rifle in question, and had then gone into hiding in the backyard of a nearby house. He was arrested there soon after.

For the above reasons I respectfully dissent.

Schwab, C. J., and Lee, J., join in this dissent.