Argued June 8, affirmed November 8, 1967

# STATE OF OREGON, *Respondent, v.*
# RAYMOND D. HOOVER, *Appellant.*

433 P. 2d 244

*Lloyd A. Domaschofsky,* Klamath Falls, argued the cause and filed a brief for appellant.

*Del Parks,* Deputy District Attorney, Klamath Falls, argued the cause for respondent. With him on the brief were Sam A. McKeen, District Attorney, and Enver Bozgoz, Deputy District Attorney, Klamath Falls.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN and DENECKE, Justices.

PERRY, C. J.

The defendant Raymond D. Hoover was convicted of the crime of being a felon in possession of a firearm capable of being concealed on his person, and appeals.

The felony of which defendant had previously been convicted is set forth in the present indictment as follows:

"* * * the crime of Taking and Using a Vehicle Without Permission committed in Klamath County, State of Oregon, on the 2nd day of August, 1962, at which time and place the said RAYMOND HOOVER did then and there wilfully, unlawfully and feloniously take and use a 1959 Chevrolet Corvette automobile bearing Oregon License number 1N9299, the personal property of Jim Easley, without authorization to do so and without the knowledge or consent of the owner, and without intent to steal the said automobile, * * *."

At the trial, the state, over the objection of the defendant, introduced into evidence the indictment upon

which the defendant had been previously convicted for the purpose of establishing his status as a convicted felon. This indictment charged the defendant with larceny of the same described automobile as alleged in the present indictment. The state also introduced into evidence the judgment record which set forth that the defendant, having been charged with larceny, "entered a plea of guilty to the lesser included crime of taking and using a motor vehicle without permission of the owner."

The defendant contends this was error because the jury could infer the defendant had been convicted of the greater crime of larceny or that he had been convicted of another crime distinct from that alleged in the indictment, and thus the defendant was prejudiced by the failure of the trial court to grant his motion for a mistrial.

■ The introduction of the indictment was improper. The proof of a prior conviction is established by the judgment record. However, we cannot believe that the jurors of this state are so lacking in intelligence that they could not read these exhibits which disclosed the taking of a described automobile on the 2nd day of August, 1962, and then have failed to understand there had been but a single taking of the automobile on that date, and that he had plead guilty to a lesser crime involved in that taking.

■ We, therefore, are of the opinion that, although it was improper to permit the introduction of the information, the error was not of such moment that the defendant could not receive a fair trial, and there was no abuse of discretion by the trial court in denying the defendant's motion.

The defendant gave notice of his intention to and

did enter a plea of "not guilty by reason of insanity." The defendant called his mother as a witness to testify as to his mental capacity. She testified to acts and events which would have a bearing upon his mental condition to commit the crime charged, including a statement that defendant had been in trouble with the police "a few times," and that he had suffered severe head injuries in an automobile accident in December of 1954.

On cross-examination, the state sought to elicit information from this witness as to some of the particular difficulties defendant had with the police, and also to discover whether his conduct in this respect had been different after the accident than it had been before. The witness was asked if she recalled defendant getting into trouble by "taking and using a vehicle without permission of the owner before the automobile accident," and her answer was "I don't think so." Subsequently the witness was handed a written instrument for the purpose of refreshing her memory and she testified that the defendant had been convicted of the taking and using of an automobile without the owner's permission in April of 1950. The judgment of conviction (if that was the written instrument) used to refresh the witness's memory was not introduced into evidence.

The defendant contends that the sole purpose of the state in refreshing the witness's recollection was to blacken the character of the defendant and, therefore, as offered was prejudicial error.

■ The rule is well established that evidence of past crimes committed by a defendant is not admissible solely to blacken his character and thus prejudice the jurors so they may more easily infer his guilt in the

present case. Evidence of past crimes is admissible, however, if relevant to the issues in the case at hand, even though they tend to put a defendant in a bad light before the jury. *State v. Fong,* 211 Or 1, 22, 314 P2d 243; *State v. Reyes,* 209 Or 595, 631, 303 P2d 519, 304 P2d 446, 308 P2d 182.

■ The conduct of a person in an insanity case is relevant to the issue. *State v. Wallace,* 170 Or 60, 74, 131 P2d 222. The defendant tendered the issue of insanity. The witness was called to substantiate his claim. One of the matters reflecting upon his present mental state testified to was the fact that he had trouble with the police in prior years.

■ It is a well-established rule of law that "[w]here an adverse witness gives testimony bearing upon a question directly in issue, cross-examination with respect to such testimony is a matter of right and a denial of that right is reversible error." *Mannix v. The Portland Telegram,* 136 Or 474, 490, 284 P 837, 297 P 350, 300 P 350; *Stillwell v. S.I.A.C.,* 243 Or 158, 162, 411 P2d 1015.

The trial court did not err in permitting the cross-examination of the witness as to past conduct of the defendant.

We have considered the other assignments of error set forth by the defendant and find no merit in them.

The judgment of the trial court is affirmed.