THORNTON, J.
The state appeals from a pretrial order of the district court granting defendant’s motion to suppress all evidence of events which transpired after defendant was arrested for Driving while under the Influence of Intoxicants (DUII).
The sole issue presented is the validity of the above order.
The essential facts as disclosed by the testimony are as follows:
The defendant testified that on the evening in question he had consumed two or three drinks. He drove to his apartment in Klamath Falls, not realizing that he was being followed by a policeman. Defendant further testified that he noticed a policeman running up the stairs after him as he reached his apartment and that the policeman kept him from shutting the door. A fight ensued and the defendant and the officer had to be taken to the hospital.
The officer testified that the defendant was running from him and that he suspected the defendant was under the influence of intoxicants. He testified that he arrested the defendant at the doorway of his apartment. Although defendant denied that he was placed under arrest all agreed that a violent fight thereafter ensued between defendant and the arresting officer.
Defandant was also charged with resisting arrest and assault.
The state attacks the order, asserting that a defendant "cannot lessen the impact of the evidence of his physical demeanor and conduct as it relates to his possible intoxication by making that conduct illegal.”
The trial court grounded its order on the fact that defendant had not been advised as to his rights at the time of arrest, and that to allow the state to show the altercation and the events which followed defendant’s *[150] arrest would tend to show other crimes and thus would be so prejudicial as to prevent defendant from receiving a fair trial.
We conclude that the trial court erred in granting the above motion. The evidence of defendant’s altercation with the police officer following his arrest would be relevant to the issue whether defendant was under the influence of intoxicants while driving moments before. The altercation was part of one continuous incident. See State v. Evans, 143 Or 603, 22 P2d 496 (1933).
As to the contention that such evidence is inadmissible because it would tend to show other crimes, as our Supreme Court and this court have repeatedly held a defendant, by multiplying his crimes, cannot diminish the volumé of competent testimony against him. State v. Hancock, 245 Or 240, 244, 421 P2d 687 (1966); State v. Long, 195 Or 81, 113, 244 P2d 1033 (1952).
Reversed and remanded.