Argued and submitted in Eugene November 7, 1980,
affirmed March 4, 1981

## STATE OF OREGON,
### *Respondent,*
*v.*
## ELBERT ELDON MADISON,
### *Petitioner.*

## (No. B51-426, CA 16632, SC 27217)

624 P2d 599

John Halpern, Jr., Eugene, argued the cause and filed the brief for petitioner.

James E. Mountain, Jr., argued the cause for respondent. On the brief were James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Christian W. Van Dyke, Assistant Attorney General, Salem.

Before Tongue, Presiding Justice, and Howell, Lent, Linde, Peterson and Tanzer, Justices. **

TONGUE, J.

** Howell, J., retired on November 30, 1980.

## TONGUE, J.

Defendant was convicted of resisting arrest. ORS 162.315. On appeal he assigned as error the denial of his pretrial "motion in limine" to exclude testimony relating to events preceding his arrest on the ground that any relevance of such evidence was outweighed by its prejudice and that such testimony would also improperly introduce evidence of other crimes. The Court of Appeals affirmed per curiam, 47 Or App 3, 613 P2d 110 (1980), citing *State v. Hein,* 31 Or App 147, 570 P2d 82 (1977). We allowed defendant's petition for review.

This case presents two problems: (1) whether the denial of a "motion in limine" in a criminal case to exclude irrelevant or prejudicial evidence can provide the basis for an appeal and (2) if so, whether the testimony relating to events preceding defendant's arrest was improperly received.

### 1. *Defendant's "motion in limine."*

At the outset it should be noted that there has been considerable confusion about "motions in limine." It has been said that the use of "motions in limine" in criminal cases was encouraged by this court by a passing reference in *Ingram v. Allen,* 273 Or 890, 891, 544 P2d 167 (1975), to the filing in that case of a "motion in limine" asking that the jury make special findings in lieu of a general verdict. *See* Snouffer, Criminal Trial Procedure, § 1330 (Oct. 1980 Supp., Or. St. Bar CLE). This court also referred to objections to evidence by defendants in advance of trials in criminal cases in *State v. Koennecke,* 274 Or 169, 172, 545 P2d 127 (1976), in quoting from another case in another context. *See also* Anno. 63 ALR 3d 311.

The term "motion in limine" has been used as if it described a specific and recognized legal procedure. The use of Latin instead of English conveys such an impression. The words "in limine" simply mean preliminary ("at the threshold," Black's Law Dictionary). Defendant's motion in this case was an oral motion made on the day of trial, prior to the receipt of any evidence.

In response to a question from this court, the state contends that this court should not consider the merits of

defendant's "motion in limine" because, having been made on the morning of trial, it was untimely and because the trial court was not *required* by ORS 135.037(3) to rule on it.[1] Regardless of whether the court was required to rule, the court did so. The defendant moved the trial court for a ruling. The state did not object either to the timeliness of defendant's motion or to the authority of the trial court to make such a ruling. The court ruled on the merits of the motion contrary to the interests of the defendant.[2] Thus, we conclude that under ORS 138.040, the defendant may properly assign the ruling as error because it is "a decision of the court in an intermediate order or proceeding." (ORS 138.040).

## 2. *Probative value and prejudice.*

Defendant's motion was to exclude:

"The events preceding the arrest of the defendant and the alleged resisting arrest committed by the defendant including the reason for the arrest of the defendant, statements made by the defendant prior to the time that he was informed he would be arrested, any proof that the defendant had beaten the woman with whom he resided, and any proof that there had been any type of domestic quarrel at the residence of the defendant on the date of his arrest * * *."

As previously stated, that motion was denied by a ruling that such evidence was admissible.

The evidence offered by the state based upon that ruling and of which defendant now complains can be summarized as follows:

---

[1] ORS 135.037(3) provides:

"The court, at the time of the omnibus hearing, may also consider any matters which will facilitate trial by avoiding unnecessary proof or by simplifying the issues to be tried, or which are otherwise appropriate under the circumstances to facilitate disposition of the proceeding."

[2] Because the state did not object to the timeliness of defendant's motion we need not decide whether such an oral motion, on the day of trial, comes within the provisions of ORS 135.037.

A police officer testified that when he arrived at the house where defendant was living with a Mrs. Moreno and her children, apparently in response to a report of a family dispute, he was told by a child that defendant was beating the child's mother, Mrs. Moreno; that he then "contacted the victim," Mrs. Moreno, on the porch; that she had a cast on her leg, bruises on her head, hand, and arms, was clutching her abdomen and was complaining of pain; that as he and other officers approached the house the defendant was standing "above" Mrs. Moreno and said, "Here's the pricks," and also said that he had "hit her and threw her out, but that she'd be alright (sic)." Another officer also described Mrs. Moreno's condition in some detail, including the fact that she appeared to be in pain and was crying.

Defendant also complains of statements by the prosecuting attorney in his opening statement, to the effect that the police officers found defendant with a woman who had evidence of bruises, a cast on her leg, and was obviously in some pain and that the officers had testified that she was hurting in her stomach; that she had a black eye, a bruise on the temple and that there was "blood on the crutch."

At the time of defendant's pretrial "motion in limine" it was contended by the state that such evidence was admissible for two purposes: (1) to show probable cause for arrest, and (2) to show defendant's state of mind as relevant to the state's burden to prove that he resisted arrest intentionally.

Defendant says that he offered to stipulate that the arresting officers were acting under the color of their legal authority and that lack of probable cause for the arrest of the defendant would not be a defense. It may be that in some cases a defendant may be able to exclude highly prejudicial, but relevant, evidence by stipulating all of the issues to which such evidence could be relevant.

In this case the state concedes that it was not required to prove probable cause, but contends that under ORS 162.315 it was required to prove that defendant

*intentionally* resisted arrest.[3] It follows that the state was still free to offer such evidence as was relevant to show defendant's state of mind or intent at the time that he resisted arrest.

Defendant's primary contention is that any probative value of the evidence objected to by his "motion in limine" was "minimal" and was "far outweighed" by the resulting prejudice. In support of that contention defendant quotes from *State v. Flett,* 234 Or 124, 380 P2d 634 (1963), as follows:

"\* \* \* When highly prejudicial evidence is offered, its relevancy, i.e., its tendency to prove an issue in dispute, must be weighed against the tendency of the offered evidence to produce passion and prejudice out of proportion to its probative value." 234 Or at 127.

In *Flett,* however, this court then went on immediately to state that:

"The rule has been followed in later cases which have made it clear that the matter is largely within the sound discretion of the trial court. See, e.g., *State v. Freeman,* 232 Or 267, 374 P2d 453 (1962) (gruesome evidence held admissible)." 234 Or at 127.

In *State v. Harrison,* 253 Or 489, 491, 455 P2d 613 (1969), also cited by defendant, this court reversed a trial court for receiving evidence with "negligible" probative value where the danger of prejudice was "great," saying that:

"Evidence is not made inadmissible merely because it tends to blacken the defendant's character. *State v. Hoover,* 248 Or 178, 181-182, 433 P2d 244 (1967); *State v. Tracy,* 246 Or 349, 425 P2d 171 (1967); *State v. Hancock,* 245 Or 240, 421 P2d 687 (1966). But where the relevancy of the evidence is slight and the probability of undue prejudice is substantial, the evidence should be excluded. See Lacy, *Admissibility of Evidence of Crimes Not Charged in The*

---

[3] ORS 162.315 provides:

"(1) A person commits the crime of resisting arrest if he intentionally resists a person known by him to be a peace officer in making an arrest.

"(2) 'Resists,' as used in this section, means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person. \* \* \*"

*Indictment,* 31 Or L Rev 267 (1952), and Rules 45 and 47 of the Uniform Rules of Evidence (1953)."

To the same effect, *see Vandermeer v. Pacific N. W. Develop.,* 274 Or 221, 545 P2d 868 (1976), also cited by defendant.

As held, however, in *Carter v. Moberly,* 263 Or 193, 200-01, 501 P2d 1276 (1972), and quoted with approval in *Vandermeer* (274 Or at 231):

" "* * * If (the trial judge) finds the evidence to have no probative value, he must exclude it. If, on the other hand, it does tend to establish a fact in issue, and no contrary considerations are present in the particular case, the evidence must be admitted. Between these two extremes, however, is an area in which further judgment must be exercised. If the evidence has some probative value, but also presents difficulties such as those mentioned above, the judge must determine whether the value of the evidence outweighs, or is outweighed by, the offsetting considerations. We sometimes call the exercise of this kind of judgment 'discretion.' Its exercise requires the judge to weigh the value of the evidence in light of all the circumstances of the particular case, and his conclusion, if it is reasonable, will not be disturbed on appeal. Precedent is of little value in reviewing such cases, because even when cases involve similar issues and similar types of evidence, the other factors which may properly influence the trial court's ruling are highly variable. We simply determine whether, on the facts of the particular case, the trial court's ruling was within the reasonable or permissible range. We need not determine whether his ruling was the only one possible. It may be that the record will support either admission or exclusion; if so, the trial court's ruling will be affirmed, regardless of which solution we would prefer.' "

■   Upon the application of that rule to the facts of this case, we hold that we must affirm the ruling by this trial court. As previously stated, the state had the burden to prove that defendant intentionally resisted arrest. Evidence of his state of mind and attitude immediately prior to his arrest was relevant to the issue of his intent in resisting arrest. We may agree that the evidence now complained of was prejudicial to the defendant. But we cannot

say that the relevance of such evidence was so completely outweighed by prejudice to the defendant as to require this court to hold, as a matter of law, that the trial court would have abused its discretion in receiving such evidence.

■     Assuming that the detail in which the injuries to Mrs. Moreno were described was unnecessary and the prejudice of that particular evidence outweighed its probative value, the trial court, in the exercise of its discretion, could properly permit *some* description of her injuries as relevant to the issue of defendant's state of mind and intent in resisting arrest. Despite the fact that defendant's "motion in limine" was entitled to consideration as an objection at the time such evidence was offered, that objection was insufficient because it was an objection to *"any* proof that the defendant had beaten the woman with whom he resided." An objection to evidence as a whole is insufficient when any part of the evidence objected to is admissible. *Sproul v. Fossi,* 274 Or 749, 755, 548 P2d 970 (1976).

### 3. *Evidence of other crimes.*

■     Finally, defendant contends that evidence of events preceding his actual arrest was inadmissible in this case because of the rule in criminal cases excluding evidence of "other crimes" in addition to the one with which he is charged, citing *State v. Manrique,* 271 Or 201, 205-6, 531 P2d 239 (1975), among other cases. Thus, it is contended that evidence of defendant's alleged beating of Mrs. Moreno would be evidence of the crime of assault upon her and thus inadmissible under that rule.

As noted in *State v. Manrique, supra,* at 206-207, that general rule is subject to various exceptions, most of which are

"* * * based implicitly upon the idea that evidence of other crimes may be relevant for some purpose other than to show the probability that the defendant committed the crime for which he is being tried because he had also committed other crimes."

In this case, for reasons previously stated, a description of the "scene" upon the arrival of the officers,

including not only defendant's conduct, but some description of the injuries sustained by Mrs. Moreno, over whom the defendant was then standing, was relevant to the issue of defendant's intent to resist arrest.

Finding no error, we affirm the decision by the Court of Appeals and the conviction of the defendant.

Affirmed.