Argued and submitted March 16, affirmed May 4, 1981

STATE OF OREGON,
*Respondent,*

*v.*

PATRICK CLAYTON GESS,
*Appellant.*

(No. B58-871, CA 19258)

627 P2d 512

Robert H. Nagler, Public Defender Service of Lane County, Inc., Eugene, argued the cause and filed the brief for appellant.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals from the judgment on his conviction for Resisting Arrest, ORS 162.315. He assigns as error the trial court's failure to exclude testimony concerning the underlying reason for his arrest. We conclude that the evidence was properly admitted and therefore affirm.

On August 5, 1980, four Eugene police officers went to defendant's residence to serve a warrant for his arrest. The defendant was wanted for violating parole. During the course of the arrest, a scuffle took place between the defendant and the officers. The defendant was eventually subdued and placed under arrest. He was later charged with Resisting Arrest.

Prior to trial, the defendant moved to exclude any evidence relating to the reason for his arrest. The defendant offered to stipulate to the fact that the police had probable cause to arrest him and that a valid warrant for his arrest existed. The state refused to enter into any stipulation unless the defendant would also agree to stipulate that no excessive force was used by the police in making the arrest and that the defendant had a motive for resisting arrest. The defendant refused to stipulate to these additional facts. The trial court denied defendant's motion and ruled that the state could offer evidence concerning the basis for the arrest warrant.

At trial, the arresting officer testified that the defendant was arrested on a warrant for parole violation on an underlying robbery conviction. The details of that conviction were not mentioned. The officer stated further that, after he identified himself and proceeded to place the defendant under arrest, the defendant attempted to flee and had to be physically subdued by the officers. The defendant and a witness to the arrest claimed that the defendant did not struggle or attempt to escape and that the force used against him by the officers was unprovoked and excessive.

Defendant contends that the state was obligated to enter into the proposed stipulation. He argues that, if the state had done so, any evidence concerning the reason for his arrest would have been irrelevant. Defendant contends

further that, even if the evidence in question was relevant, its probative value was outweighed by its prejudicial effect.

This case is controlled by the recent decision of *State v. Madison,* 290 Or 573, 624 P2d 599 (1981). In that case, the defendant was also charged with and convicted of resisting arrest. He moved to exclude from evidence all testimony related to the reason for his arrest and the events preceding his arrest. He offered to stipulate that the arresting officers were acting under their legal authority at the time of the arrest and that lack of probable cause for the arrest would not be a defense. The trial court denied the defendant's motion and, apparently, the state did not agree to the proposed stipulation. At trial, the arresting officer testified that he went to the defendant's house after receiving a report of a family dispute, that when he arrived there a child came outside and told him that the defendant was beating the child's mother, and that a woman, with whom the defendant lived, appeared bruised and in pain.

On review, the Supreme Court held that the evidence had been properly admitted. The court noted that, while the state was not required to prove probable cause for the arrest, it was required to prove that the defendant intentionally resisted arrest. ORS 162.315. In the court's view, the evidence objected to was relevant to show defendant's state of mind or intent at the time he resisted arrest. *Id.,* at 578.

The court recognized that evidence, although relevant, may nevertheless be excluded where its relevancy is outweighed by its prejudical effect. Such a determination calls for a judgment by the trial court. As the court stated,

" ' "* * * If [the trial judge] finds the evidence to have no probative value, he must exclude it. If, on the other hand, it does tend to establish a fact in issue, and no contrary considerations are present in the particular case, the evidence must be admitted. Between these two extremes, however, is an area in which further judgment must be exercised. If the evidence has some probative value, but also presents difficulties * * *, the judge must determine whether the value of the evidence outweighs, or is outweighed by, the offsetting considerations. We sometimes call the exercise of this kind of judgment 'discretion.' Its

exercise requires the judge to weigh the value of the evidence in light of all the circumstances of the particular case, and his conclusion, if it is reasonable, will not be disturbed on appeal. Precedent is of little value in reviewing such cases, because even when cases involve similar issues and similar types of evidence, the other factors which may properly influence the trial court's ruling are highly variable. We simply determine whether, on the facts of the particular case, the trial court's ruling was within the reasonable or permissible range. We need not determine whether his ruling was the only one possible. It may be that the record will support either admission or exclusion; if so, the trial court's ruling will be affirmed, regardless of which solution we would prefer." ' " *Id.,* at 579, quoting from *Vandermeer v. Pacific N.W. Develop.,* 274 Or 221, 231, 545 P2d 868 (1976).

In light of the above standard, the court in *Madison* concluded that, while it might believe that the evidence objected to was prejudicial to the defendant, it could not say

"* * * that the relevance of such evidence was so completely outweighed by prejudice to the defendant as to require this court to hold, as a matter of law, that the trial court would have abused its discretion in receiving such evidence." *Id.* at 580.

In the present case, evidence of the reason for defendant's arrest was relevant to his motive or intent to resist arrest. The state had the burden of proving that the defendant intentionally resisted arrest. Because defendant's proposed stipulation did not include the issue of motivation, the state was not required to accept it. Evidence of defendant's parole violation and prior robbery conviction, while relevant, was also prejudicial. However, as the court in *Madison* stated, we cannot say that it was so prejudical that the trial court abused its discretion in admitting the evidence in question.

Motive and intent are, in these cases, inextricably intertwined and, because they are, persons previously charged with serious crimes may face the same problem faced in both *Madison* and this case if they choose to resist arrest. Avoiding prosecution *(Madison)* or reimprisonment (this case) is a powerful motive. Absent a full satisfactory stipulation, a defendant in a case like this is going to find himself pinioned by his past misdeeds.

Affirmed.