Argued and submitted April 29, affirmed June 8,
reconsideration denied July 16,
petition for review denied August 8, 1981 (291 Or 419)

## STATE OF OREGON,
*Respondent,*

*v.*

## PEARL LOUISE GARDNER,
*Appellant.*

(No. 80-5382-C, CA 19652)

629 P2d 412

Jerry E. Gastineau, Medford, argued the cause and submitted the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

Defendant appeals her conviction for Driving Under the Influence of Intoxicants. ORS 487.540. She contends that the trial court erred in denying her motion to suppress evidence of her refusal to take a breathalyzer test, arguing that the admission of that evidence violated her Sixth Amendment right to counsel and her Fifth Amendment right against self-incrimination. We conclude that the evidence was properly admitted and therefore affirm.

On the night of September 30, 1980, defendant was stopped for driving with her headlights off. She was subsequently arrested for Driving Under the Influence of Intoxicants. After placing her under arrest, the arresting officer informed her of her *Miranda* [1] rights. The defendant indicated that she understood her rights, refused to talk with the officer and asked to see her attorney.

After arriving at the police station, the officer readied the breathalyzer machine. The defendant was then allowed to telephone her attorney. Both the defendant and the officer spoke with the attorney. The officer told the attorney that he was ready to administer the breath test. The attorney indicated that he had talked with the defendant and that on his advice she would not be taking the test. After the call was completed, the officer asked the defendant if she wanted to take the test. The defendant made no response. The officer told the defendant that he would have to take her failure to respond as a negative response and informed her of the consequences of her refusal.[2] The defendant also failed to respond to the officer's request to sign a statement indicating that she refused to take the breathalyzer. At trial the officer was asked only if he gave the defendant the opportunity to take the breath test. He stated that he did, but that she did not take it. No other testimony concerning the circumstances of her "refusal" or the reason why she did not take the test was offered at trial.

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966).

[2] ORS 487.805(2) allows a person under arrest for driving while under the influence of intoxicants to refuse to submit to a chemical test of the person's breath. The police officer must inform the person of the consequences of such a

## 1. Refusal

■ Initially, defendant contends that her behavior did not amount to a "refusal" to take the test. She claims that she was merely exercising her right to remain silent until her attorney was present. We think that the facts clearly demonstrate a refusal. Defendant consulted with her attorney. Her attorney told the officer that she would not submit to the test. The defendant was silent thereafter when she was asked to take the test. When the officer told her that he would have to take her silence as a refusal, she made no objection. At no time did she state that she wanted her attorney present before deciding whether or not to take the test. There is no claim, and we find no evidence in the record, that the defendant did not understand the situation or the import of her silence.

## 2. Right to Counsel

■ Whether defendant had the right to have counsel present before deciding whether to refuse or submit to the test, as defendant next contends, is a separate question. In *State v. Scharf,* 288 Or 451, 605 P2d 690 (1980), the Supreme Court held that a person under arrest for driving while under the influence of intoxicants has a right to seek the advice of counsel before deciding whether to submit to a breathalyzer test. The court's decision was based on legislative intent and not on constitutional principles. In the court's view, the legislature meant the breath test to be administered "only upon the arrested person's voluntary and informed choice." *Id.,* at 461. Therefore, the court concluded, the person under arrest has the right to call a lawyer before making his or her decision.

In the present case, the defendant does not claim that she did not have the opportunity to call and consult with her attorney before making her decision. Rather, she

refusal and of the right to obtain a test of his or her own. The person under arrest must be told that a refusal may result in a 120-day suspension of his or her driver's license. *See* ORS 482.540. It is less clear whether the person must also be told that his or her refusal is admissible evidence at any civil or criminal proceeding. ORS 487.805(4). In this case, the officer did not detail the information he provided to defendant. Defense counsel did not go into this question on cross-examination. Defendant does not claim that she was not informed of the consequences.

contends that she had a right to have counsel *present*.[3] Treating this as a statutory claim, we decline to extend the holding in *Scharf.* There is nothing in the legislative scheme that necessitates the presence of counsel. All that is required is a voluntary and informed choice. Consultation with counsel on the telephone is sufficient to guarantee such a choice.

We must now decide if the presence of counsel is constitutionally required. Defendant claims that the decision to submit or not to submit to the test, and the administration of the test itself, is a "critical stage" of the proceeding at which counsel's presence is required unless waived. Assuming that the decision to take or refuse to take the test involves a personal confrontation of the accused, we must decide if

"[t]he presence of [her] counsel is necessary to preserve the defendant's basic right to a fair trial as affected by [her] right meaningfully to cross-examine the witnesses against [her] and to have effective assistance of counsel at the trial itself." *United States v. Wade,* 388 US 218, 227, 87 S Ct 1926, 18 L Ed 2d 1149 (1967).

Defendant cites no case authority which supports her position. Under the statutory scheme before us, the person confronted with the choice to take the test or not must be informed of the consequences of a refusal and of her right to secure her own test. ORS 487.805(2). The police officer is to prepare a report indicating that the arrested person has been informed as required. ORS 487.805(3). The officer can be cross-examined at trial as to whether the person was so informed and whether the person was in a condition to make an informed choice. Under *Scharf,* the arrested person has the right to call her attorney before making the decision. On this basis, we conclude that whether counsel is present or not when a person decides to refuse to submit to a breath test will in no way affect an accused's right to a fair trial. Any irregularities in procedure can be brought out at trial.

---

[3] We deal with this question, although it is not entirely clear that it was raised below. As noted, defendant did not request counsel's presence before "refusing" to take the test. Her motion to suppress suggested that she was denied any opportunity to *consult* with counsel. That, of course, was not the case.

■     We also hold that counsel need not be present during administration of the breath test itself. In discussing the administration of scientific tests used in criminal investigation, such as fingerprinting and blood samples, the Supreme Court in *United States v. Wade, supra,* stated:

> "Knowledge of the techniques of science and technology is sufficiently available, and the variables in techniques few enough, that the accused has the opportunity for a meaningful confrontation of the Government's case at trial through the ordinary processes of cross-examination of the Government's expert witnesses and the presentation of the evidence of his own experts. The denial of a right to have his counsel present at such analyses does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial."
> *Id.,* at 227-228.

*See also, United States v. Ash,* 413 US 300, 315, 93 S Ct 2568, 37 L E 2d 619 (1973) (counsel not required at post-indictment photographic display); *Gilbert v. California,* 388 US 263, 267, 87 S Ct 1951, 18 L Ed 2d 1178 (1967) (counsel not required at taking of handwriting exemplars from accused). We think that the same rationale applies to the administration of a breath test. A meaningful challenge to the evidentiary use of the test or the accuracy of its result is not dependent on counsel's presence during the test. The officer administering the test can be cross-examined at trial. Defendant can request her own test and introduce the results at trial. Finally, defendant can challenge the accuracy of the test and the meaning of its results with her own expert witnesses. We hold that the statutory scheme does not violate defendant's Sixth Amendment right to counsel.

## 3.  Privilege Against Self-Incrimination

We turn now to defendant's claim that the admission of evidence of her refusal violated her Fifth Amendment right against self-incrimination. ORS 487.805(4) specifically allows evidence of a refusal to be used at any civil or criminal action.

■     The Fifth Amendment privilege against self-incrimination only protects an accused "from being compelled to testify against [herself], or otherwise provide the state with evidence of a testimonial or communicative

nature * * *." *Schmerber v. California,* 384 US 757, 761, 86 S Ct 1826, 16 L Ed 2d 908 (1966). In *Schmerber,* the court concluded that the withdrawal of blood over the defendant's objection and the use of its analysis at trial did not violate the accused's Fifth Amendment rights. As the court stated, the blood test evidence "was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner * * *." *Id.,* at 765. The same conclusions apply to breathalyzer evidence. *State v. Fogle,* 254 Or 268, 270, 459 P2d 873 (1969); *Heer v. Dept. of Motor Vehicles,* 252 Or 455, 462, 450 P2d 533 (1969).

■      Because a person's breath constitutes real or physical evidence rather than testimonial or communicative evidence, a person under arrest has no constitutional right to refuse to take a breath test. *Welch v. District Court of Vermont, Unit, Etc.,* 594 F2d 903, 904 (2nd Cir 1979). On that basis, the majority of courts considering the issue have concluded that the introduction of evidence of a defendant's refusal to take a sobriety test in the form of a blood or breath test does not violate his or her right against self-incrimination. *See, e.g., Welch v. District Court of Vermont, supra,* 594 F2d at 905; *Newhouse v. Misterly,* 415 F2d 514 (9th Cir 1969), *cert denied* 397 US 966 (1970); *People v. Thomas,* 46 NY2d 100, 412 NYS2d 845, 385 NE2d 584 (1978), *cert denied* 444 US 891 (1979); *Commonwealth v. Robinson,* 229 Pa Super 131, 324 A2d 441 (1974); *People v. Sudduth,* 65 Cal2d 543, 55 Cal Rptr 393, 421 P2d 401 (1966), *cert denied* 389 US 850 (1967); *see generally,* 87 ALR2d 370.

■      In Oregon, a person arrested for driving while under the influence of intoxicants has the right to refuse to submit to a breath test. ORS 487.805(2). However, this right to refuse is expressly conditioned on the admission of evidence of the refusal in cases such as the one before us. ORS 487.805(4).[4] We conclude that, because the defendant had no constitutional privilege not to submit to the breath test and because her statutory right not to take the test is expressly qualified by statute, her Fifth Amendment

_____

[4] ORS 487.805(4) was amended in 1979 specifically to allow for the admission into evidence of an arrested person's refusal. *See* Or Laws 1979, ch 822, § 1. Previously the law in Oregon provided that evidence of a refusal was not admissible. *See* ORS 487.805(3).

privilege against self-incrimination was not violated.[5] *People v. Thomas, supra,* 46 NY2d at 109; *Commonwealth v. Robinson, supra,* 229 Pa Super at 131.[6]

Affirmed.[7]

---

[5] The decision of the New York Court in *People v. Thomas, supra,* was based on the requirement that the accused be informed of the consequences of his refusal, one of which is that it may be used as evidence against him. As noted, *see* n 2, *supra,* it is not clear if the statute before us requires the police to inform a person under arrest of this particular effect of his or her refusal or whether, in this case, the defendant was so informed. In any event, we need not decide that issue in this case. Defendant does not claim that she was not informed of the consequences of her refusal.

[6] We note that in this case only the fact of defendant's refusal was admitted into evidence. We are not faced with a situation where the defendant made a statement when confronted with the test and that statement was then used against the defendant. Depending on the circumstances involved, a defendant's Fifth Amendment privilege may be violated in such a case. *See Schmerber v. California, supra,* 384 US at 765, n 9; *Newhouse v. Misterly, supra,* 415 F2d at 518.

[7] Defendant's other assignment of error, relating to laying an evidentiary foundation at trial for the evidence of the refusal, does not require discussion.