Argued and submitted June 24, reversed and
remanded for trial July 28, 1981

## STATE OF OREGON,
*Appellant,*

*v.*

## MARK ALLEN ANDERSON,
*Respondent.*

## (No. 199501, CA A20200)

631 P2d 822

Thomas H. Denney, Assistant Attorney General, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Phillip M. Margolin, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant was charged with Driving While Under the Influence of Intoxicants. ORS 487.540. Prior to trial he moved for an order suppressing all evidence related to his refusal to submit to an intoxilyzer test after his arrest. The trial court granted defendant's motion on the ground that the admission of such evidence would violate defendant's privilege against self-incrimination. Pursuant to ORS 138.060(3), the state appeals. We reverse and remand for further proceedings.

The facts are undisputed. On September 2, 1980, defendant was arrested for driving while under the influence of intoxicants. He was taken to the county jail where he was asked to submit to a breath test for the purpose of determining the alcohol content of his blood. Prior to being asked to take the test, defendant was read his *Miranda* rights. He asked to talk to his attorney before deciding whether or not to submit to the breath test. After talking to his attorney, defendant told the arresting officer that "My attorney told me not to blow in the machine or sign that form." He then stated "No, I will not take the test."

Defendant moved to suppress all evidence of his refusal on the grounds that the admission of such evidence at trial would violate his right against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution and Art I, § 12 of the Oregon Constitution, his Sixth Amendment right to counsel and the attorney-client privilege. Additionally, he contended that the prejudicial effect of such evidence outweighed its minimal probative value. The trial court granted the defendant's motion on the basis of the Fifth Amendment. On appeal, defendant renews all three arguments in support of his motion. We deal with each in turn.

In *State v. Gardner,* 52 Or App 663, 629 P2d 412 (1981), we held that the admission of evidence of defendant's refusal to submit to a breathalyzer test did not violate her Fifth Amendment right against self-incrimination.[1] We relied, in part, on the Supreme Court's decision in

---

[1] ORS 487.805(4) specifically allows evidence of an accused's refusal to be admitted at trial.

*Schmerber v. California,* 384 US 757, 86 S Ct 1826, 16 L Ed 2d 908 (1966). In *Schmerber,* the court concluded that the withdrawal of blood over the defendant's objection and the use of its analysis at trial did not violate the accused's Fifth Amendment right. In the court's view, such evidence is neither testimonial nor communicative. *Id.,* at 765. On the basis of *Schmerber,* the majority of courts considering the issue before us in *Gardner* and this case have concluded that, because a person's breath constitutes real or physical evidence rather than testimonial or communicative evidence, a person under arrest has no constitutional right to refuse to take a breath test and evidence of an accused's refusal does not violate his or her right against self-incrimination.[2] *State v. Gardner, supra,* 52 Or App at 669.

In *Gardner,* we stated:

"We note that in this case only the fact of defendant's refusal was admitted into evidence. We are not faced with a situation where the defendant made a statement when confronted with the test and that statement was then used against the defendant. Depending on the circumstances involved, a defendant's Fifth Amendment privilege may be violated in such a case." (Citations omitted.) 52 Or App at 670, n 6.

The basis for the distinction made in *Gardner* is found in the Supreme Court's opinion in *Schmerber.* In a footnote the Court stated:

"This conclusion would not necessarily govern had the State tried to show that the accused had incriminated himself when told that he would have to be tested. Such incriminating evidence may be an unavoidable by-product of the compulsion to take the test, especially for an individual who fears the extraction or opposes it on religious grounds. If it wishes to compel persons to submit to such attempts to discover evidence, the State may have to forego the advantage of any testimonial products of administering the test—products which would fall within the privilege. Indeed, there may be circumstances in which the pain, danger, or severity of an operation would almost

_____
[2] In Oregon, ORS 487.805(2) allows a person under arrest for driving while under the influence of intoxicants to refuse to submit to a chemical test of the person's breath. However, as we noted in *State v. Gardner, supra,* 52 Or App at 669, this right to refuse is expressly conditioned on the admission of evidence of the refusal in cases such as the one before us. ORS 487.805(4).

inevitably cause a person to prefer confession to undergoing the 'search,' and nothing we say today should be taken as establishing the permissibility of compulsion in that case. But no such situation is presented in this case. *See* text at n. 13 *infra.*

"Petitioner has raised a similar issue in this case in connection with a police request that he submit to a 'breathalyzer' test of air expelled from his lungs for alcohol content. He refused the request, and evidence of his refusal was admitted in evidence without objection. He argues that the introduction of this evidence and a comment by the prosecutor in closing argument upon his refusal is ground for reversal under *Griffin v. California,* 380 US 609, 14 L Ed 2d 106, 85 S Ct 1229. We think general Fifth Amendment principles, rather than particular holding of *Griffin,* would be applicable in these circumstances, *see Miranda v. Arizona,* 384 US, at p 468, note 37, 16 L Ed 2d at p 720, 10 ALR 3d 974. Since trial here was conducted after our decision in *Malloy v. Hogan, supra,* making those principles applicable to the States, we think petitioner's contention is foreclosed by his failure to object on this ground to the prosecutor's question and statements." *Schmerber v. California, supra,* 384 US at 765, n 9.

■ In light of the above, we conclude that it is only the fact of defendant's refusal which is admissible evidence.[3] Any statements made by an accused in conjunction with that refusal are testimonial or communicative and are admissible only under general Fifth Amendment principles.

---

[3] The footnote in *Schmerber* is somewhat confusing. It is possible to read the second half of the note as implying that the refusal itself is also testimonial. However, we decline to adopt such an interpretation. As stated by the Ninth Circuit in *Newhouse v. Misterly,* 415 F2d 514 (9th Cir 1969), *cert denied* 397 US 966 (1970):

"Read together, to us the two portions of the *Schmerber* footnote indicate that a refusal to take a blood test is not a testimonial 'statement' within the Fifth Amendment; rather, it is best described as conduct indicating a consciousness of guilt. *See People v. Ellis,* 1966, 65 Cal. 2d 529, 55 Cal. Rptr. 385, 389-390, 421 P2d 393. Nonetheless, the reference to the *Miranda* footnote can be read to imply that where an underlying right to refuse such a blood test is present, it would be improper to draw adverse inferences from failure of the accused to respond to a request for a blood test beause the accused would thereby be penalized for exercising his rights to refuse the test." *Id.,* at 518.

In Oregon, an accused has such a right to refuse but, as noted, *see* n 2, *supra,* it is a conditional right only. *See Welch v. District Court of Vermont Unit Etc.,* 594 F2d 903 (2d Cir 1979).

■　　In this case, the trial court ordered all evidence of defendant's refusal, *viz.,* both the fact of his refusal and the statements made by him, suppressed at trial. In light of our decision in *Gardner,* the trial court's order, insofar as it was based on self-incrimination principles, was incorrect. Evidence of the fact of defendant's refusal is admissible at trial.[4] Therefore, the trial court's order must be reversed.

■　　Defendant's statement that his attorney told him not to take the test is, however, inadmissible. Such a statement is similar to the statement, "My attorney told me not to talk," and, in effect, it constitutes an exercise of defendant's *Miranda*[5] rights. If the defendant had offered another reason for refusing to take the test, such as "I'm too drunk," such a statement, which is clearly testimonial, would be admissible only if defendant had been advised of his *Miranda* rights and knowingly and voluntarily waived those rights.

■　　Defendant's second claim is that evidence concerning his refusal violates his right to counsel and the attorney-client privilege. The exact nature of defendant's claim is not clear. Defendant seems to be saying that comment on the reason for his refusal, *viz.,* advice of counsel, violates his constitutional right. We have already concluded that defendant's statement in that regard is not admissible on Fifth Amendment grounds. Defendant argues further, however, that if evidence of the fact of his refusal is admissible at trial, "the only way a defendant can rebut the inference that he has refused the test because he believed he would fail the test, is to reveal his conversations with his attorney." Additionally, defendant claims that to corroborate his own testimony concerning his conversation with his attorney, he will be forced to call his attorney as a witness.

There may be many reasons, besides consciousness of guilt, for a person to refuse to take a test. Advice of

---

[4] The trial court made no finding as to whether or not the defendant was informed of the consequences of his refusal. ORS 487.805(2) requires the police officer to inform the person of the consequences of his or her refusal and of the right to obtain a test of his or her own. *See State v. Gardner, supra,* 52 Or App 665-666, n 2.

[5] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966).

counsel is one reason. Once the fact of defendant's refusal is admitted into evidence, he must make the choice to explain it or not. While he may feel some compulsion to explain his behavior, he is not forced to reveal any conversation with counsel or to have his attorney take the stand. It is simply a matter of choice, and we do not agree that it violates defendant's constitutional right to counsel or interferes with the attorney-client privilege.

Defendant's final contention is that the prejudicial effect of the evidence of his refusal outweighs its minimal probative value and, therefore, is inadmissible on general relevancy grounds. It is true that the inferences to be drawn from defendant's refusal are prejudicial, but they are also relevant to the issue of whether or not he was intoxicated at the time of his arrest. In *State v. Madison,* 290 Or 573, 624 P2d 599 (1981), the Supreme Court concluded that if the evidence offered has some probative value but is also prejudical, the trial judge must determine if the value of the evidence is outweighed by its prejudicial effect. The Court went on to state:

> "* * * We sometimes call the exercise of this kind of judgment 'discretion.' Its exercise requires the judge to weigh the value of the evidence in light of all the circumstances of the particular case, and his conclusion, if it is reasonable, will not be disturbed on appeal. Precedent is of little value in reviewing such cases, because even when cases involve similar issues and similar types of evidence, the other factors which may properly influence the trial court's ruling are highly variable. We simply determine whether, on the facts of the particular case, the trial court's ruling was within the reasonable or permissible range. We need not determine whether his ruling was the only one possible. It may be that the record will support either admission or exclusion; if so, the trial court's ruling will be affirmed, regardless of which solution we would prefer." *Id.,* at 579.

In this case, the trial court did not consider the defendant's claim of probative value versus prejudicial effect. This is a matter for the trial court to decide in the first instance in light of all the circumstances of the particular case. Therefore, the defendant is free to raise his claim on remand. We do note that, in our view, and even considering the court's general language in *Madison,* it will

be a rare case indeed in which defendant is entitled to have this evidence kept from the trier of fact. The legislature has declared this evidence to be relevant; trial courts should not ignore the legislative policy.

The trial court's order suppressing all evidence related to defendant's refusal to submit to the intoxilyzer test is reversed. This case is remanded for further proceedings consistent with this opinion.

Reversed and remanded for trial.