Argued and submitted June 24, affirmed July 27,
reconsideration denied August 20,
petition for review denied October 20, 1981 (291 Or 771)

CITY OF PORTLAND,
*Respondent,*

*v.*

THOMAS EDWARD STANLEY,
*Appellant.*

(No. M2795, CA A20057)

631 P2d 826

Phillip M. Margolin, Portland, argued the cause and
filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction of Driving Under the Influence of Intoxicants. ORS 487.540. He contends that the trial court erred in denying his motion in limine which requested the court to prohibit any comment on or references to defendant's refusal to take an intoxilyzer test after his arrest. Defendant argues that any reference to his refusal violates his constitutional right against self-incrimination. We conclude that evidence of defendant's refusal and the prosecutor's comment on that refusal was proper and, therefore, affirm.

■     Defendant was arrested for driving under the influence of intoxicants. After he was placed in custody he was taken to the traffic office and asked to take an intoxilyzer test. He refused. The arresting officer informed the defendant of the consequences of his refusal, including the fact that evidence of his refusal could be used against him at trial.[1] The defendant again refused to take the test.

At trial the arresting officer testified that the defendant refused to take the intoxilyzer test and that he informed the defendant of the consequences of his refusal. During closing argument, the prosecutor commented on the defendant's refusal. He stated:

> "* * * [T]he police officer arrested the defendant and took him to the station. Then, at the station he was asked to submit to an intoxilyzer exam under our implied consent law. He refused. He was read the consequences of his refusal. The fact that if he did refuse it could be used against him in court. The fact that his license would be suspended for 120 days. The fact that if he took the test he would have the right to an independent blood test. And after all those consequences were read to him he still declined. And you can infer from that, ladies and gentlemen, consciousness of guilt on his part. A reasonable person having one beer refusing the intoxilyzer? Especially after all those consquences."

---

[1] ORS 487.805(2) allows a person under arrest for driving while under the influence of intoxicants to refuse to submit to a chemical test of the person's breath. The police officer must inform the person of the consequences of such a refusal and of the right to obtain a test of his or her own. *State v. Gardner,* 52 Or App 663, 665-666, n 2, 629 P2d 412 (1981).

■■    In *State v. Gardner, supra,* n 1, we held that the admission into evidence of a person's refusal to take an intoxilyzer test does not violate the individual's privilege against self-incrimination.[2] If evidence of the defendant's refusal was properly admitted, the prosecutor's comment on the fact of that refusal and the inferences to be drawn from that fact was also proper. *See Newhouse v. Misterly,* 415 F2d 514 (9th Cir 1969), *cert denied* 397 US 966 (1970); *see also State v. Anderson,* 53 Or App 246, 631 P2d 822 (1981).

Affirmed.

---

[2] ORS 487.805(4) specifically allows evidence of an arrested person's refusal to be admitted.