Submitted on record and appellant's brief December 23, 1985, reversed and remanded
April 16, 1986

# STATE OF OREGON,
*Appellant,*

*v.*

# PHILIP ALLAN EARLEY,
*Respondent.*

(M511238; CA A36666)

717 P2d 1228

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for appellant.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Defendant was charged with driving while under the influence of intoxicants. *Former* ORS 487.540 (*repealed by* Or Laws 1983, ch 338, § 978). The trial court entered a pretrial order suppressing evidence that defendant had refused to submit to a breath test. The court based its decision on the fact that there was no evidence that defendant understood the consequences of refusing the breath test. The state appeals, contending that, under the Implied Consent Law, there is no requirement that an arrestee understand the consequences of refusing to submit to a breath test; the law only requires that the police make a good faith effort to inform the arrestee of the consequences of refusing to take the test. Because we agree with the state's contention, we reverse.

The arresting officer testified that he had advised defendant of his *Miranda* rights at the scene of the arrest and asked him if he wished to say anything. Defendant said nothing. The officer asked defendant if he wished to have the *Miranda* warnings repeated, and he remained silent. He was then transported to the police station where the officer prepared a sworn report of defendant's refusal to submit to a breath test. He read defendant the portion of the report which explained the consequences and rights of a driver under arrest for driving while under the influence of intoxicants and asked defendant to submit to a breath test. Defendant never affirmatively indicated to the officer that he understood his rights.

Defendant, who represented himself at the hearing, offered to take the stand to testify that:

> "I was not read my rights, and I did not refuse to take the test. I just said — he asked me if I — he said, 'I suppose you're not going to breathe in that machine over there are you, either?' And I said, 'Well, I have the right to remain silent, or have an attorney or counsel present.' And he said, 'I figured you'd say something like that'; and he went on chatting with his buddy, Peterson, carrying on writing up their reports."

The trial court concluded that defendant had been given the *Miranda* warnings at the arrest scene and understood them. The court found, with regard to the breath test refusal rights, that the test had been offered to defendant and that his rights were read to him. However, the court concluded that defendant had not understood the consequences of refusing the test. The court apparently reasoned, by analogy, that, if an arrestee

must understand the consequences of waiving his privilege against self-incrimination before evidence of his statements to the police are admissible in court, he must likewise understand the consequences of refusing to submit to a breath test before evidence of this refusal is admissible. We disagree.

■ Neither the federal nor state constitution prevents the introduction of evidence that an arrestee refused to submit to a breath test. In *State v. Gardner,* 52 Or App 663, 669-70, 629 P2d 412 (1981), we held that admitting evidence of a defendant's refusal to take a breathalyzer test did not violate her Fifth Amendment privilege against self-incrimination: breathalyzer evidence is not considered testimonial or communicative evidence, which is the only type of evidence protected by the privilege against self-incrimination. Because breathalyzer evidence is not constitutionally protected, a person has no constitutional right to refuse to take a breath test, and the introduction of evidence that defendant refused to take a sobriety test does not violate his right against self-incrimination. We also observed that *former* ORS 487.805(4) (*repealed by* Or Laws 1983, ch 338, § 978; Or Laws 1985, ch 672, § 7) allows evidence of a refusal to be used at any civil or criminal proceeding. We therefore concluded that,

> "* * * because the defendant had no constitutional privilege not to submit to the breath test and because her statutory right not to take the test is expressly qualified by statute, her Fifth Amendment privilege against self-incrimination was not violated. * * *" 52 Or App at 669-70.

The United States Supreme Court has also held that the admission into evidence of a defendant's refusal to submit to a blood-alcohol test does not violate the right against self-incrimination under the Fifth Amendment. *South Dakota v. Neville,* 459 US 553, 103 S Ct 916, 74 L Ed 2d 748 (1983).

■ Because admitting evidence of a driver's refusal to take a breath test is clearly constitutional, we turn to the issue of whether *former* ORS 487.805(2) (*repealed by* Or Laws 1983, ch 338, § 978; Or Laws 1985, ch 672, § 7)[1] requires defendant to

---

[1] *Former* ORS 487.805(2) provided:

"No chemical test of the person's breath shall be given, under subsection (1) of this section, to a person under arrest for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance, if

understand the consequences of refusing the test. In this case, the trial court apparently based its decision that evidence of defendant's refusal was suppressible because defendant did not understand his right or the consequences of refusal.[2] *Former* ORS 487.805(2) does not require that the defendant understand the consequences of his refusal, merely that he be informed of them.

In *State v. Weishar,* 78 Or App 468, 717 P2d 231 (1986), we held that the defendant's failure to understand the warnings given under *former* ORS 487.805 did not require suppression of the results of an Intoxilyzer test. The defendant had a hearing impairment and apparently did not understand the information which was read to him as required by *former* ORS 487.805 but read the form himself with assistance from the officer. He later moved for suppression of the test results after he failed it, unlike defendant here, who refused to take the test and then moved to have evidence of his refusal suppressed.

Whether a defendant submits to a test and fails it or refuses to take it does not affect the fact that *former* ORS 487.805 does not require him to understand the warnings. In *Stavros v. Dept. of Motor Vehicles,* 12 Or App 356, 507 P2d 45 (1973), the plaintiff's driver's license was suspended for 90 days for failing to submit to a breathalyzer test. We first noted that the officer read a document to the plaintiff telling him that his license would be suspended and then concluded:

> "The relevant statute requires that plaintiff have been *informed* [emphasis in original] of certain rights and consequences of his refusal. ORS 483.634(2).[3] *It does not require that he fully understand the information he is given."* 12 Or App at 362. (Emphasis supplied.)

_____

the person refuses the request of a police officer to submit to the chemical test after the person has been informed of:

"(a) The consequences of a refusal under this section, ORS 482.541, 482.552 and 482.555(3)(b); and

"(b) The person's rights under ORS 482.541 and 487.810."

[2] A driver's refusal to submit to a breath test results in suspension of his driver's license. In addition to the consequences of refusal, ORS 487.805(2) requires that the driver be informed of the right to contest the suspension of his license and his right to have an independent testing of his blood-alcohol content at his own expense.

[3] Although *Stavros* was decided when ORS 483.634(2) was in effect, the provisions relevant to defendant's case are substantially the same under ORS 487.805(2).

Additionally, we noted that the trial judge had accurately defined the word "informed":

> "* * * [A] person is to be considered informed of the applicable provision of the implied consent law, including the rights and conditions thereof, if the provisions of the law have been read to him or he reads the provisions himself." 12 Or App at 362.

■ In this case, defendant was informed of his rights and the consequences of his refusal to submit to a breath test. The officer testified that, after defendant had been transported to the police station, he was read the portion of the report which explained the consequences of refusing to take the test and the rights of a driver under arrest for driving while under the influence of intoxicants. The statutory language is consistent with the conclusion reached in *Stavros v. Dept. of Motor Vehicles, supra;* it clearly requires only that defendant be informed of the consequences, not that he indicate an understanding of them.

Reversed and remanded for proceedings not inconsistent with this opinion.