## STATE OF OREGON,
*Respondent,*

*v.*

## ALLADENE MAYRENE SHORT,
*Appellant.*

(92-7397; CA A82259)

898 P2d 223

Alan H. Biedermann, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and R. Victoria Roe, Assistant Attorney General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

Haselton, J., concurring.

**De MUNIZ, J.**

Defendant appeals her conviction for driving under the influence of intoxicants (DUII) for acts committed on October 25, 1992. When the officer asked defendant to submit to an Intoxilyzer, he advised her that, if she refused to take the test, her license would be suspended for one year and that, if she took the test and failed it, her license would be suspended for 90 days. Defendant refused to take the test. She argues that the trial court erred in allowing the state to introduce the evidence that her refusal would result in a longer suspension than would result from taking the test and failing it.

Defendant's argument was answered contrary to her position in *City of Portland v. Stanley*, 53 Or App 254, 631 P2d 826, *rev den* 291 Or 771 (1981). There, the arresting officer testified that he had informed the defendant of the consequences of refusing to take the breath test and, in closing argument, the prosecutor commented on the consequences.[1] We held that the prosecutor's comments on the refusal and the inferences to be drawn from it were proper.

Here, defendant has raised no issue that her refusal to take the test should not have been admitted into evidence.[2] Indeed, at trial, she agreed to stipulate to her refusal. The court did not err in permitting testimony as to what the consequences of that refusal were.

Affirmed.

**HASELTON, J.,** concurring.

I agree that the trial court should be affirmed, but on a narrower basis than the majority states.

The only evidentiary issue presented on appeal was whether the arresting officer's testimony that he had informed defendant of the consequences of refusing to take

---

[1] Those comments were:

" 'And after all those consequences were read to him he still declined. And you can infer from that, ladies and gentlemen, consciousness of guilt on his part.' " *Id.* at 256.

[2] We specifically do not address what effect, if any, *State v. Fish*, 321 Or 48, 893 P2d 1023 (1995), has on the admissibility under ORS 813.310 of a refusal to take a chemical test.

the breath test, and his description of those consequences, was relevant. OEC 401; OEC 402. Defendant did not argue on appeal that that testimony should have been excluded under OEC 403 because its probative value was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

I believe that the relevance of the officer's testimony is beyond dispute. Defendant's refusal to take the breath test, notwithstanding her knowledge that such a refusal would automatically result in a lengthy license suspension, had a "tendency to make the existence" of a material fact — *i.e.*, the fact of defendant's intoxication — "more probable * * * than it would [have been] without the evidence." OEC 401. However, the issue of whether such testimony may, either generally or in any particular case, run afoul of OEC 403 is much closer. That question is not presented here, and should not be foreclosed by our decision.[1]

---

[1] Unlike the majority, I do not believe that *City of Portland v. Stanley*, 53 Or App 254, 631 P2d 826, *rev den* 291 Or 771 (1981), sanctions blanket admissibility of such evidence. In *Stanley*, the only issue was whether either the admission of evidence that defendant had refused to take a breathalyzer test, after having been informed of the consequences of that refusal, or the prosecutor's subsequent comment on that evidence as supporting an inference of guilt violated the defendant's constitutional right against self-incrimination. *Id.* at 256. Thus, we decided neither the general relevance of such evidence, nor its admissibility under OEC 403.